LYDIA E. GLAZIER, *as the Administrator of the Estate of* HENRY E. GLAZIER, *Deceased,* v. T. H. HENEYBUSS AND MARTHA HENEYBUSS.

(Filed September 5, 1907.)

(91 Pac. 872.)

1.    LIMITATION OF ACTIONS—Suspension—Delay. A person can not prevent the operation of the statute of limitations by delay in taking action incumbent upon him.

2.    ABATEMENT AND REVIVAL—Death of Party—Strict Compliance With Statute. Section 4624, Wilson's Statutes, fixing one year as the time within which an action may be revived in the names of the representatives or successors of the plaintiff, is not a mere limitation upon a remedy, but conditions the very right to revive; and parties seeking to avail themselves of its benefits must strictly comply with its terms.

3.    SAME—Consent of Defendant, When Necessary. Under section 4624, Wilson's Statutes, upon the death of the plaintiff an order to revive an action in the names of the representatives or successors of a plaintiff shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made. The statute is not suspended until the appointment of the legal representatives, but begins to run after the expiration of a reasonable time from the death of the plaintiff in which a legal representative might have been appointed.

4.    SAME—Case. Where the plaintiff in an action died on the 10th day of April, 1902, and without the consent of the defendant the order of revival in the name of the administratrix was made on the first day of December, 1903, and thereafter upon the hearing it was found that the order was not made within one year from the time it might have been first made, **Held,** that the action was barred by the statute, and section 4624 warranted a dismissal of the action.

*Error from the District Court of Noble County; before Bayard T. Hainer, Trial Judge.*

Affirmed.

*Smith & Scott,* for plaintiff in error.

*Doyle & Cress,* for defendants in error.

Opinion of the court by

GARBER, J.: This action to recover on two promissory notes was brought on the 27th day of September, 1901, in the district court of Noble county by Henry E. Glazier, as plaintiff, against the defendants in error, defendants below. Henry E. Glazier died on the 10th day of April, 1902. On May 12, 1902, his death being suggested to the court, on application of his heirs leave was granted to substitute his legal representatives as plaintiff. On March 27, 1903, upon the application of plaintiff in error, and over the objection of the defendants, the heirs were substituted as plaintiffs. On December 1, 1903, the order substituting the heirs as plaintiffs was set aside, upon the application of plaintiffs in error. and over the objections and exceptions of defendants in error an order was made reviving the action in the name of Lydia E. Glazier, administratrix of the estate of Henry E. Glazier, deceased. On January 28, 1904, the defendants filed their answer to the amended petition, alleging that the court was without jurisdiction and that the action could have been revived in the name of the administratrix within thirty days after the death of the plaintiff, and that the action was, therefore, barred by the statute of limitations. The administratrix filed a reply, admitting all the facts set up in the answer, except that the cause could have been revived in the name of the administratrix within thirty days after the death of the plaintiff, and that said action was barred by the statute of limitations. The issues thus joined were submitted to the court, a jury being waived, and judgment rendered in favor of the defendants for costs. The court found that the cause had not been revived within the time allowed by law for the revival of an action after the death of the plaintiff. From that judgment the plaintiff in error prosecutes this appeal, and asks a reversal of the cause upon the ground that the statute of limitations begins to run, not from the death of the plaintiff, but from the date of the appointment of the administratrix.

This question is presented to the court for the first time, and

necessitates a consideration and construction of sections 4620 and 4624 of Wilson's Revised and Annotated Statutes, 1903. At common law the action abated upon the death of the party before trial or verdict, and if the cause of action was of the character that did not survive, death put a final end to the suit. If the cause was one that did survive, or could survive, plaintiff or his personal representative was required to bring a new action. In order to obviate the necessity of bringing a new action, and to remedy that defect of the common law, requiring a new action to be brought where the cause of action survived, statutes have been adopted in England and in the various states of the Union, providing that the representatives of the deceased party, within limitations and upon compliance with certain conditions, might be made parties to the suit and the action proceed. Section 4620 of our statutes provides: "Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. Where his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names." In this case, upon the death of the plaintiff, the right of action passed, not to his heirs, but to the administratrix of his estate. The subject-matter of the action was a part of the personal estate, and subject to the payment of the debts of the deceased, if judgment be secured and satisfied. The attempted revival in the names of the heirs was, therefore, a nullity, and is of no consequence in the determination of the question in this case.

This was virtually admitted by plaintiff in error in filing a subsequent motion asking that the order of revival in the names of the heirs be set aside and the action be revived in the name of the administratrix. Hence the real battle in this case is waged over the construction of section 4624, fixing the time in which an order of substitution and revival might have been made in the name of the administratrix. The section reads as follows: "An

order to revive an action, in the names of the representatives or successors of a plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been made * * * *" These sections of our statute were taken from the Kansas statute, and with their adoption came the construction of the supreme court of that state. The simple statement of the familiar and accepted rule of construction would ordinarily be considered a final and satisfactory disposition of the case, especially when the foreign state has repeatedly construed the section in question; but in this case a strenuous and heated controversy is waged over the question as to what construction has been placed upon that section of the statute by the supreme court of that state, and numerous authorities are cited in support of the respective sides of the controversy. As a precautionary measure, before entering upon an investigation of the authorities, for perspicuity, we add the term "latest" to the statement of the general rule of construction, so as to read: By the adoption of the statute of a foreign state, we adopt the "latest" construction of that statute at the time of its adoption by the supreme court of that state.

In the case of *Bauserman v. Blunt*, 147 U. S. 647, removed from the state court of Kansas to the circuit court of the United States, upon the authority of *Toby v. Allen*, 3 Kan. 399; *Hanson v. Towel*, 19 Kan. 273; and *Nelson v. Herkel*, 30 Kan. 456, 2 Pac. 110, it was held that the operation of the statute was suspended until an administrator had been appointed; and, while that case was pending on appeal in the supreme court of the United States, the same question was presented to the supreme court of the state of Kansas in the case of *Balserman v. Charlott*, 46 Kan. 480, 26 Pac. 1051, and, upon a careful examination and consideration of the question and a review of the prior decisions of that court, it was held that an action by another creditor against the defendant was barred by the statute, because the plaintiff had unreasonably delayed to apply for the appointment of an administrator. Chief

Justice Horton, who had delivered the opinion in *Nelson v. Herkel, supra,* after referring to the case cited above as holding that "the death of the debtor operates to suspend the statute," added: "But this court has never said, when the question was properly presented, that a creditor can indefinitely prolong the time of limitation by his own omission or refusal to act, or that the death of the debtor operates to suspend the statute of limitation indefiiitely"—citing *Amy v. Watertown,* 130 U. S. 320, wherein it was said: "When a party knows that he has a cause of action, it is his own fault if he does not avail himself of those means which the law provides for prosecuting his claim, or institute such proceedings as the law regards sufficient to preserve it"; also the cases of *Atchison, etc., Railroad Co. v. Burlingame Twp.,* 36 Kan. 638, 14 Pac. 271, and *Roark v. Douglas Co.,* 46 Kan. 175, 26 Pac. 393, as establishing the proposition that "a person can not prevent the operation of the statute of limitations by delay in taking action incumbent upon him", and that "to permit a long and indefinite postponement would tend to defeat the purpose of the statutes of limitations, which are statutes of repose, founded on sound public policy, and which should be so construed as to advance the policy they were designed to promote," and, following these decisions, the court arrived at the conclusion that the plaintiff's claim was barred by the statute, and said: "A reasonable time within which a creditor, having a claim against a decedent, and wishing to establish the same against his estate, should make application for administration would be, under the statute, fifty days after the decease of the intestate, or at least within a reasonable time after the expiration of fifty days; but a creditor can not, as in this case, postpone the appointment for months and years, and then recover upon his claim. If he can do so for several months or several years, he can do so for any indefinite length of time, and then resort to administration and establish his claim. This is certainly not in accord with the policy of the statutes and is not a fair construction of our prior decisions."

In the case of *Bauserman v. Blunt, supra,* in the supreme court of the United States (147 U. S. 647), Mr. Justice Gray, delivered the opinion of the court, in reviewing the various decisions of the supreme court of the state of Kansas upon this question, referring to the case of *Bauserman v. Charlott, supra,* in conclusion, said: "That decision was evidently deliberately considered and carefully stated, with the purpose of finally putting at rest a question on which some doubt had existed; it is supported by satisfactory reasons and is in accord with well-settled principles; and there is no previous adjudication of that court to the contrary. In every point of view, therefore, it should be accepted by this court as conclusively settling that the operation of the statute of limitaions of Kansas is suspended after the death of a debtor for fifty days only, during which the creditor could not apply for the appointment of an administrator, or, at most, for a reasonable time after the expiration of the fifty days."

As the proceedings to revive an action and the proceedings to revive a judgment are substantially the same, and must correspond to the same formula we cite the following cases in support of the rule herein announced: *Angell v. Martin,* 24 Kan. 335; *Railway Company v. Smith,* 40 Kan. 192, 19 Pac. 636; *Cunkle v. Railroad Co.,* 54 Kan. 194, 40 Pac. 184; *Berkley v. Tootle,* 62 Kan. 701, 64 Pac. 620; *Reaves v. Long,* 63 Kan. 700, 66 Pac. 1030; *Steinback v. Murphy,* 70 Kan. 487, 78 Pac. 823.

In the case at bar the order of revival in the name of the administratrix was not made until one year, seven months, and twenty-one days after the death of the plaintiff, and not until one year, six months, and nineteen days after the suggestion of the death of the plaintiff, and leave to revive was granted in name of personal representatives. The answer and reply put in issue the question of fact when the order of revival "might have been first made." The plaintiff in error was a resident of Noble county, and, upon the death of the deceased, April 10, 1902, she could have applied for letters of administration, and, upon giv-

ing thirty days' notice, have been appointed administratrix of the estate of the deceased. On the 12th day of May, 1902, she suggested the death of the deceased, and, upon giving thirty days' notice from that date, had she filed her petition, she could have been appointed the legal representative, and had the order of revival "made forthwith"; but, instead, the order of revival was not made until December 1, 1903, or nearly eighteen months after the time in which it "might have been made." Without the consent of the defendants, and no showing for the delay, can it be said that the district court erred in finding that the order of revival was not made within one year from the time it "might have been first made?" There is either a limitation, or there is none. The legislature has undoubtedly said that there is a limitation. If there is, in the language of the statute, "the order of revival upon the death of the plaintiff may be made forthwith, but shall not be made without the consent of the defendant after the expiration of one year from the time the order might have been first made." Without a revivor an action abates upon the death of the party, and without a statute there can be no revivor. The language "shall not be made" is peremptorily prohibitive. It imposes an absolute prohibition upon the granting of the order after the lapse of one year after the time when it "might have been made." At the expiration of that time the right ceases to exist. It is true the order of revival could not have been made until the appointment of the administratrix; but it was within the power of plaintiff in error to have had that appointment made. It was a condition precedent to the order of revival. The law required her to act. She offers no evidence explanatory of the delay. She knew of the death of the plaintiff. The law said: "You may be appointed administratrix, if you file your petition and give the required notice." There were no other petitions filed for that appointment; and her petition, when filed, was not contested.

It is argued, however, in support of the position that the statutes should not begin to run until the appointment of a legal

representative, that unscrupulous persons could prevent the appointment by contest and appeal for over one year, and, although the action might involve the whole estate, it would be forever barred. The plain language of the statute reads: "From the time when the order might have been first made," and is sufficient answer to that argument. It is not for the courts to mitigate, by opinion, the harshness of the law of limitations. It is their duty to declare the law as they find it. The limitation of revivor is arbitrary, exacting, requiring diligence, good faith, prompt action, and he who seeks its benefits must be able to show that he has complied with all its terms. Hardship or inconvenience is insufficient. Practical impossibility, alone, will satisfy. 19 A. & E. Ency. of Law, 216. It was clearly the duty of the plaintiff in error to file her petition for letters of administration and secure the appointment as administratrix of the estate. Section 4624, construed in connection with those statutes governing the appointment of legal representatives, gave her ample time, and during the diligent prosecution of the necessary steps to secure her appointment the statute of limitations would be suspended. Under the pleadings and evidence in this case the trial court was warranted under section 4625 in dismissing the action.

We have carefully examined the authorities cited by counsel which support the general rule; but, having adopted the statutes of the state of Kansas with the construction placed thereon by the supreme court of that state, they are not applicable in this case. The case of *Steinback v. Murphy et al., supra,* decided by the supreme court of that state in 1904, clarifies any uncertainty that may appear in the opinion of that court rendered in 1896 in the case of *Rexroad et al. v. Johnson,* 4 Kan. App. 333, 45 Pac. 1008.

There being no other error assigned or presented, upon the authorities above cited, the judgment of the district court of Noble county, dismissing the action, is affirmed.

Hainer, J., who presided in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.