McKAY v. WATSON *et al.*

No. 3815.  Opinion Filed January 13, 1914.

(137 Pac. 1177.)

**APPEAL AND ERROR—Death of Party.** In an action to quiet title, plaintiff in error died pending proceedings in error and before submission in this court; nothing was done to revive the action, and the year (section 5194, Rev. Laws 1910) expired. Then came defendant in error, and without consenting to a revivor moved to dismiss. **Held,** that the action is barred by the statute, and the appeal is ordered dismissed.

(Syllabus by the Court.)

*Error from District Court, Johnston County;*
*Robt. M. Rainey, Judge.*

Action by Sylvina E. Watson (*nee* Thurlow), a minor, by her next friend, J. C. Thurlow, and John K. Watson, her husband, against R. J. McKay.  Judgment for plaintiffs, and defendant brings error.  Dismissed.

*Thos. E. Toney,* for plaintiff in error.

*Cornelius Hardy,* for defendants in error.

PER CURIAM.  This action to quiet title was commenced on April 11, 1911, in the district court of Johnston county, by Sylvina E. Watson, a minor, by her next friend J. C. Thurlow, and John K. Watson, her husband, against R. J. McKay.  On October 20, 1911, a demurrer was sustained to McKay's answer, and judgment rendered canceling a certain deed and quieting the title to the land in controversy in Sylvina E. Watson.  To review that judgment plaintiff in error commenced proceedings in this court on April 15, 1912.  On November 25, 1913, and before submission of the cause, defendant in error, plaintiff below, suggested the death of plaintiff in error, R. J. McKay, and made known to the court that he died November 19, 1912; that more than one year had elapsed since his death; that no steps had been taken to revive in the name of his administrator or

heirs; that defendant in error did not consent to a revivor, and moved the court to dismiss the cause.

Section 5290, Rev. Laws 1910, provides:

"Upon the death of the plaintiff in an action, it may be revived in the name of his representatives, to whom his right has passed. Where his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names"

—thus requiring an action to be revived in the name of the heirs in some cases, and in the name of the personal representatives in others. *Glazier v. Henneybuss*, 19 Okla. 316, 91 Pac. 872.

Section 5294, Rev. Laws 1910, provides:

"An order to revive an action, in the names of the representatives or successors of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have first been made. * * * "

These sections are construed in *Glazier v. Henneybuss, supra.* There the court, following the Kansas construction, held that "where the subject-matter of the action was a part of the personal estate" the revivor must be in the name of the administratrix of the estate, and in such a case the time began to run after the expiration of a reasonable time from the death of the plaintiff in which a legal representative might have been appointed; but, where the subject-matter was "not a part of the personal estate," the time began to run from the death of the plaintiff. This case is in the latter class, and the revivor would have been in the name of the heirs. As the statute provides that the order of revivor "shall not be made * * * after the expiration of one year from the time the order might have been first made," and as more than one year has expired since "the order might have been first made," the appeal is dismissed. *Glazier v. Heneybuss, supra.*