## CITY OF OKLAHOMA CITY v. WRIGHT *et al.*

No. 4994. Opinion Filed October 19, 1915.

(152 Pac. 451.)

1. **APPEAL AND ERROR—Dismissal—Death of Party Pending Appeal.** Under section 5294, Rev. Laws 1910, providing that an order to revive an action against the representatives or successors of a defendant against their consent cannot be made, except within one year from the time it could have been first made, a proceeding in error will be dismissed on motion, where defendant in error died pending the proceeding, and the action has not been revived within a year, and the successors of deceased refuse to consent to a revivor.

2. **SAME—Failure to Revive—Excuse—Action Pending on Appeal.** The fact that counsel for plaintiff in error had been at times partially incapacitated physically for transacting business and his successors had their entire time and attention occupied in attending to other legal matters that required their official attention does not operate as an unavoidable excuse for not having revived a cause of action pending in the Superme Court within the statutory time.

3. **SAME—Revivor Below Pending Appeal—Availability of Plaintiff in Error.** The revivor by the plaintiffs below of an action in the trial court after the appeal has been perfected in this court cannot avail the plaintiff in error, defendant below, as a revivor here, where one of the defendants in error has died after the appeal was perfected.

(Syllabus by Mathews, C.)

*Error from District Court, Oklahoma County;*
*Geo. W. Clark, Judge.*

Action by John R. Wright and wife against the City of Oklahoma City, a municipal corporation. Judgment for plaintiffs, and defendant brings error. Pending hearing in this court, John R. Wright died, and the cause of action was revived in the trial court by his widow and only child, and they moved dismissal of this proceeding on the ground that no motion to revive had been filed here within

one year after appointment of his personal representative. Dismissed.

*B. D. Shear,* Municipal Counselor, and *A. T. Boys,* Asst. Municipal Counselor, for plaintiff in error. ·

*Wright & Blinn* and *Horace Speed,* for defendants in error.

Opinion by MATHEWS, C. On October 12, 1912, in an action instituted by John R. Wright and wife against the city of Oklahoma City, the plaintiffs recovered judgment for the possession of certain real estate.

Defendant perfected an appeal to this court on April 8, 1913. On June 1, 1913, the said John R. Wright died. On August 9, 1913, Augusta Wright was appointed executrix of the estate of the said deceased. On the 12th day of November, 1913, the cause of action was revived in the trial court upon the motion of the said Augusta Wright, the widow, and of Ella Elizabeth Smith, the only child of the said John R. Wright and wife. This action here upon appeal was submitted on September 20, 1915. On the 3d day of September, 1914, the attorney for defendants in error suggested here the death of defendant in error John R. Wright, filed affidavit of said death, and moved the dismissal of this appeal, upon the ground that no application to revive the action here had been filed, and that more than one year had elapsed since the executrix had been appointed and qualified. The attorney for plaintiff in error was served with notice of said motion on the day of filing.

On August 30, 1915, the plaintiff in error filed its petition to revive the action here, and in said petition sets out that: (1) On the 12th day of November, 1913, in the trial court below, an order was made reviving the judgment in the trial court in the names of Augusta Wright and

Ella Elizabeth Smith, the sole heirs and devisees of said John R. Wright, deceased, said order having been made upon the motion of the last-named parties; (2) that since the death of the said John R. Wright, owing to the physical incapacity of one of the municipal counselors of plaintiff in error, and owing, further, to the large volume of legal business pending in the said office of municipal counselor then and during the incumbency of his successors, it was impossible to give the required care and attention to this case in the matter of obtaining said revivor here. For said reasons plaintiff in error prays that at this time it be permitted to file its petition for the revival of this action, and that the same be revived as required by law, and further asks that the record in the trial court reviving this action be prepared and certified to this court as an amendment to the case-made herein. Plaintiff in error further prays that, if the heirs and devisees of the said deceased refuse to consent to the revivor, the cause be remanded to the trial court, with directions to set aside the judgment therein rendered and dismiss said cause at the cost of plaintiffs there.

While the petition filed here by plaintiff in error is somewhat indefinite, it appears therefrom that it states: (1) That, owing to the reasons therein stated as set out above, the plaintiff in error has been unable to file the motion to revive within the statutory time, and asks the court here to excuse said failure and grant it permission now to make the required revivor; or (2) to permit the order of revivor made in the trial court upon the motion there of the heirs and devisees of the said deceased to be certified here, and that the same be held to operate as a revivor here; or (3) that, should defendants in error

refuse to consent to the revivor, the cause of action be dismissed at plaintiffs' cost.

It has become a rule of law of this state, as laid down in *Atchison, T. & S. F. Ry. Co. v. Fenton,* 32 Okla. 614, 123 Pac. 169, and in *McKay v. Watson,* 40 Okla. 353, 137 Pac. 1177, that, under section 5294, Rev. Laws 1910, providing that an order to revive an action against the representatives or successors of a defendant, against their consent, cannot be made, except within one year from the time it could have been first made, a proceeding in error will be dismissed on motion, where defendant in error died pending the proceeding, and the action has not been revived within a year, and the successors of deceased refuse to consent to a revivor.

Said section 5294 contains this clause:

"Provided, that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

We do not believe the facts set out in plaintiff in error's motion are sufficient to bring it within the terms of this exception. It was legally notified of the death of the said John R. Wright on the 3d day of September, 1914, when this motion to dismiss was served on it, and while, under the conditions, it might be held excusable for the failure to revive, yet the statute uses the word "unavoidable," a much stronger term than "excusable," and it cannot be said that it has been unavoidably prevented from obtaining the revivor.

Neither will the fact that the plaintiffs within the proper time were diligent enough to obtain the necessary revivor in the trial court avail plaintiff in error as a revivor here.

Defendant in error John R. Wright did not die until after this appeal was perfected, and the statute requires the plaintiff in error, upon the death of the defendant in error, to revive the action here in the names of the representatives or successors of the deceased. This has not been done, and the revivor in the trial court after the perfecting of the appeal here has no connection with or relation to the requisite revivor here.

We are unable to understand, in case defendants in error refuse to consent to a revivor, upon what grounds plaintiff in error asks the remanding of the cause, with directions to dismiss the same. No statute authorizing such a course or authorities sustaining the same have been cited, and the request will be denied.

For the reasons given, the motion of plaintiff in error should be refused, and the motion of defendants in error to dismiss the appeal granted, and the appeal dismissed at the costs of plaintiff in error.

By the Court: It is so ordered.