## TUCKER v. MILLER et al.

No. 6652.    Opinion Filed February 15, 1916.

(155 Pac. 591.)

**APPEAL AND ERROR—Dismissal—Death of Party—Failure to Revive.**
The case-made was filed here July 22, 1914. One of the plaintiffs died August 9, 1914, written notice of which was served on counsel for defendant November 9, 1915, on which date counsel for plaintiffs filed a motion to dismiss the appeal. Suggestion of death was filed in this court by counsel for plaintiffs November 10, 1915, Defendant has had a reasonable time to revive since notice of death and motion to dismiss were served on his counsel, but has taken no steps. The appeal should be dismissed.

(Syllabus by Watts, C.)

*Error from County Court, Noble County;*
*L. B. Robinson, Judge.*

Action by Milton Miller and another against A. W. Tucker. Judgment for plaintiffs, and defendant brings error. Dismissed.

*H. A. Smith,* for plaintiff in error.

*P. W. Cress,* for defendants in error.

Tucker v. Miller et al.

Opinion by WATTS, C.   This case originated before a justice of the peace of Noble county, where judgment went for plaintiffs, and on appeal to the county court the result was the same.   The judgment was for $20, the value of a calf.   Defendant appealed.   The parties will be referred to as below.   The case-made was filed here July 22, 1914.   Milton Miller, one of the plaintiffs, died August 9, 1914, written notice of which was served on counsel for defendant November 9, 1915.   Motion to dismiss appeal was filed in this court December 9, 1915, by counsel for plaintiffs.   Suggestion of death was filed in this court by counsel for plaintiffs November 10, 1915.   Section 5294, Rev. Laws 1910, provides:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased, in the meantime, the order of revivor on both sides may be made in the period limited in the last section:   Provided, that where the death of the party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

This case has not been revived.   Defendant has had a reasonable time to revive since notice of death and motion to dismiss were served on his counsel, but has taken no steps.

The appeal should be dismissed.

By the Court:   It is so ordered.