## EDWARDS et al. v. ASHER et al.

No. 10610—Opinion Filed July 31, 1923.

(Syllabus.)

1. **Appeal and Error—Death of Party—Failure to Revive Action—Dismissal.**

Where two plaintiffs in error have appealed from a joint judgment, and one of the plaintiffs in error dies pending the proceedings in error and the action was not revived within the time prescribed in section 5294, Revised Laws 1910, the appeal will be dismissed.

2. **Same—Statutes.**

Section 5283, Revised Laws 1910, does not render unnecessary a revivor as provided in section 5294, Revised Laws 1910, unless the entire right of action survives in the remaining party, and has no application where the right of action of the deceased party survives in others who are not parties to the suit.

3. **Same.**

That portion of section 4695, Revised Laws 1910, providing: "In case of the death or other disability of the party, the court may allow the action to continue by or against his representatives or successors in interest, upon such terms and in such time as may be just under the circumstances presented," is not in conflict with section 5294, Revised Laws 1910, and is to

be construed so as to give effect to both statutes.

Error from District Court, Wagoner County; Benjamin B. Wheeler, Judge.

Action between J. P. Edwards et al. and Kate Asher et al. From an adverse judgment, the former bring error. Dismissed.

Robert F. Blair, for plaintiffs in error.

E. A. Summers, Watts & Watts, Alvin F. Molony, and Thomas H. Owen, for defendants in error.

COCHRAN, J. This appeal was filed in this court on May 16, 1919, by W. C. Edwards and James P. Edwards, for the purpose of reviewing a judgment rendered by the district court of Wagoner county, in which a joint judgment was rendered against W. C. Edwards and James P. Edwards and in favor of defendants in error for the possession of certain lands, and a joint money judgment for $600. The defendants in error have filed a motion to dismiss the appeal and have attached affidavits showing that W. C. Edwards died on August 4, 1920, and asking that the appeal be dismissed because the action was not revived in the name of the heirs or personal representative of W. C. Edwards within the time provided by section 5294, Revised Laws 1910. Mrs. M. G. Johnson thereafter filed her application asking to be made plaintiff in error in this cause, alleging the death of W. C. Edwards on August 8, 1920, and that she and James P. Edwards were the sole heirs of W. C. Edwards, deceased. An order was made making Mrs. Johnson a party plaintiff in error and no revivor of the action as provided by section 5294, Revised Laws 1910, has ever been had.

Plaintiffs in error insist that under section 5283, Revised Laws 1910, no revivor of this action was necessary, and that the appeal should proceed in the name of the surviving plaintiff in error, to wit, James P. Edwards. This would be true if the right of action of W. C. Edwards had survived to James P. Edwards alone. In that event it would not have been necessary to have had a revivor, but the cause of action in the case did not survive to James P. Edwards alone.

Plaintiffs in error also insist that under the provisions of section 4695, Revised Laws 1910, this court has the authority to allow this action to continue in the names of the successors in interest of W. C. Edwards without a revivor. The applicable portion of this statute reads as follows:

. "An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representatives or successors in interest upon such terms and in such time as may be just under the circumstances presented."

This statute is not in conflict with section 5294, Revised Laws 1910, and both statutes should be given effect, and while the court may allow the action to continue upon such terms and in such manner as may be just under the circumstances presented, it is also imperative that section 5294, Revised Laws 1910, be complied with and revivor had within the time therein provided in order to permit the action to continue. We are of the opinion that this cause is controlled by the rule announced in City of Oklahoma City v. Wright, 51 Okla. 772, 152 Pac. 451, Bennett v. Abbott, 55 Okla. 197, 154 Pac. 1156, and Tucker v. Miller, 55 Okla. 631, 155 Pac. 591, and that the plaintiffs in error, James P. Edwards and W. C. Edwards, having appealed from a joint judgment and no revivor being had in the name of the heirs or personal representatives of W. C. Edwards within the time prescribed in section 5294, Revised Laws 1910, the appeal should be dismissed, and it is so ordered.

KENNAMER, NICHOLSON, BRANSON, HARRISON, and MASON, JJ., concur.