**HARROD v. ADAMS et al.**

No. 13092—Opinion Filed Feb. 26, 1924.

Rehearing Denied March 18, 1924.

(Syllabus.)

**Appeal and Error—Death of Party—Failure to Revive Action—Dismissal.**

Where plaintiff in error appeals from a judgment rendered against him in the district court in favor of joint defendants, and one of the defendants in error dies pending the proceedings in error in the Supreme Court, and the action is not revived within the time prescribed by section 5294, Rev. Laws 1910, the appeal will be dismissed.

Error from District Court, Oklahoma County; Edward Dewes Oldfield, Judge.

Action by J. Q. A. Harrod against Henry Adams and another. Judgment for defendants, and plaintiff brings error. Dismissed.

J. Q. A. Harrod, for plaintiff in error.

Erwin & Erwin, for defendants in error.

BRANSON, J. The suit out of which the judgment of the district court of Oklahoma county, Okla., grew, was filed in the district court of said county by the plaintiff, J. Q. A. Harrod, against the defendant, Henry Adams (and later by amendment, Mattie Adams was made a party defendant), seeking relief in the nature of a decree quieting his alleged title to the S. W. ¼ of section 13, twp. 13 north, range 1 east, Oklahoma county, Okla. This suit was filed on the 22nd day of March, 1921. The pleadings were duly settled, and on trial, the issues presented by the pleadings and the evidence were submitted in the form of interrogatories to a jury. The issues having been found by the jury against the plaintiff, the jury's findings were approved by the court, and judgment entered against the plaintiff, from which he appeals.

The plaintiff in error makes numerous assignments for reversal of the judgment, but we deem it unnecessary to discuss the merits or demerits of either of them, for that John Adams, heir of the said Henry Adams, has filed a motion herein to dismiss the appeal, which motion sets out that the defendant Henry Adams departed this life on the 18th day of December, 1922, and that no order reviving said cause in the name of his administrator or heirs at law was made within the period prescribed by the statute. The proof of death of the said defendant Henry Adams on the date herein set out is not controverted, and the defendant in error in his brief insists that the appeal should be dismissed, by reason of section 836, Comp. Stat. of 1921 (sec. 5293, R. L. 1910), which is as follows:

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

Also by reason of section 837, Comp. Stat. of 1921 (sec. 5294, Rev. Laws 1910), which is as follows:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died or his powers have ceased, in the meantime, the order of revivor, on both sides, may be made in the period limited in the last section: Provided that where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter"

—and that by reason of these sections and the undisputed facts set out in his motion, this appeal should be dismissed. Glazier v. Heneybuss, 19 Okla. 316, 91 Pac. 872; City of Oklahoma City v. Wright, 51 Okla. 772, 152 Pac. 451. In this last-named case this court said:

"Under section 5294, Rev. Laws 1910, providing an order to revive an action against the representatives or successors of a defendant against their consent cannot be made except within one year from the time it first could have been made, a proceeding in error will be dismissed on motion, where defendant in error died, pending the proceeding, and the action has not been revived within a year, and the successors of deceased refused to consent to a revivor."

Chicago, R. I. & P. Ry. Co. v. Peacock, 86 Okla. 259, 207 Pac. 962; Bennett v. Abbott, 55 Okla. 197, 154 Pac. 1156; McKay v. Watson et al., 40 Okla. 353 137 Pac. 1177; Edwards et al. v. Asher, 95 Okla 39, 217 Pac. 869.

We think that these authorities sustain the position taken, that this appeal should be dismissed, and for these reasons, the motion to dismiss this appeal is sustained, and the appeal in this case is dismissed.

JOHNSON, C. J., and McNEILL, KENNAMER, COCHRAN, and HARRISON, JJ., concur.