CHOUTEAU v. HOSS et al.
SOLDANI et al. v. HUDSON, Adm'r, et al.

Nos. 15970, 15971—Consolidated.    Opinion Filed May 18, 1926.

1. Pleading — Admissions—Settlements of Rights.

Where a party in interest in an action, by her written pleading, acknowledges full settlement of her rights to her interest in the subject-matter of the action, she and her successors, or heirs, are thereafter precluded from asserting any further claim to her interest involved in the action.

2. Abatement and Revival—Death of Plaintiff in Action to Recover Real Estate.

Where the plaintiff to an action to recover real estate dies while said action is pending, the action must be revived in the name of his successors. or heirs, and not in the name of his administrator.

3. Same—Time for Revival—Statute Mandatory.

Section 837, Comp. Stats. 1921, fixing one year as the time within which an action may be revived in the names of the representatives or successors of the plaintiff, is not

a mere limitation upon a remedy, but conditions the very right to revive; and parties seeking to avail themselves of its benefits must strictly comply with its terms.

4. Same—Action Barred with Failure to Revive in One Year.

Where the plaintiff died February 7, 1912, and, without the consent of the defendants, one of the heirs to the real estate, the subject of the action, sought to revive the action in his name on March 24, 1924. held, that action was barred under the one-year clause contained in section 837, Comp. Stats. 1921.

5. Same—Bar of Statute not Affected by Infancy of Heir.

Section 837, Comp. Stats. 1921. providing for the revivor of an action within one year from the death of the original plaintiff, contains no saving clause in favor of an infant. and this court cannot ingraft any such exception upon it. The infancy of the party, seeking to be made plaintiff, existed at the time the right to revive accrued and such infancy does not postpone the running of the statute.

6. Limitations of Actions—Exemption of Infants Dependent Solely on Statutes.

The exemptions from the operation of statutes of limitation usually accorded to infants do not rest upon any general doctrine of the law that they cannot be subjected to their action, but, as a general rule upon express language in those statutes giving them time after majority to assert their rights.

7. Abatement and Revival—Time for Revival—Statutes Harmonized.

Section 223, Comp. Stats 1921, is not in conflict with section 837, Comp. Stats. 1921, and both statutes should be given effect, and while the court may allow the action to continue upon such terms and in such manner as may be just under the circumstances presented, it is also imperative that section 837, Comp. Stats. 1921. be complied with and revivor had within the time therein provided in order to permit the action to continue.

8. Pleading—Effect of General Demurrer.

A general demurrer searches the entire record.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court. Osage County; Jesse J. Worten, Judge.

Motion by Louis P. Chouteau to revive action against Raymond H. Hoss, Frank E. Hudson, administrator, and others, to set aside deed; and action by Frank Hudson, administrator. and others against Louis E. Soldani. Louis P. Chouteau. and others. to

quiet title to same land. From adverse judgments, Louis P. Chouteau, Louis E. Soldani, and others bring error. Causes consolidated. Affirmed.

M. L. Holcomb, for plaintiffs in error.

Grinstead. Scott, Hamilton & Gross, for defendants in error.

Opinion by THOMPSON, C. Case No. 15-970 has been consolidated with case No. 15-971.

The first above numbered case was brought in the district court of Osage county, Okla., on August 29, 1910, by Louis P. Chouteau, as plaintiff, against Raymond H. Hoss and Emma Hoss, as defendants, who are defendants in error here, to set aside a deed to 160 acres of land claimed to have been obtained by the above named defendants in error by fraud.

On November 20, 1918, Charles E. Vandervoort, plaintiff, as grantee of Raymond H. Hoss and Emma Hoss, brought an action, numbered 15971 here, for the same tract of land against Louis E. Soldani, Louis Paul Chouteau, Lillian Hortense Williams, and May B. Henryetta Williams, as defendants, to remove the cloud from his title and to quiet title in himself.

In case No. 15970, the record shows that Louis P. Chouteau died on February 7, 1912, intestate, leaving surviving him as his sole heirs his widow, Ida M. Chouteau, and one child, Louis Paul Chouteau, Jr., who was, at all times mentioned in this record, a minor under the age of 21 years. Ida M. Chouteau was appointed administratrix of the estate of Louis P. Chouteau, deceased, and on July 15, 1912, attempted to, and was allowed to, revive said action, No. 15970, in her name as administratrix. On February 14, 1913, she filed a stipulation, showing that the action had been settled and had the same dismissed, as per written stipulation, with prejudice, on the 3rd day of March, 1913, and on March 3, 1914, a year thereafter, the defendants Raymond H. Hoss and Emma Hoss conveyed the land in controversy to Charles E. Vandervoort, the plaintiff in case No. 15971. On December 15, 1914, Ida M. Chouteau died intestate as to the land in controversy, leaving surviving her as her sole heir as to said land Louis Paul Chouteau, Jr. On March 27, 1924, Louis Paul Chouteau, Jr., filed his motion in the district court of Osage county, in case No. 15970, to vacate the order of revival in the name of Ida M. Chouteau and the order of dismissal by her and to revive and continue said cause in his name. That on the 7th day of

November, 1922, Charles E. Vandervoort, plaintiff in case No. 15971, died intestate, leaving surviving him as his sole and only heirs at law Lula H. Vandervoort, Elizabeth A. Lillie Vandervoort, Charles E. Vandervoort, Jr., and James A. Vandervoort. On the 8th day of March, 1923, Frank E. Hudson was appointed the administrator of the estate of Charles E. Vandervoort, and cause No. 15971 was revived in the name of the administrator and the heirs, above named, of Charles E. Vandervoort, on September 4, 1923.

All of the above recitals appear in the pleadings of the parties to these two separate actions, and it is admitted by the attorneys for the parties in their briefs that said recitals are correct.

On October 7, 1921, a general demurrer of appellants was filed to the pleadings of the appellees, setting up the above facts and challenging the right of recovery of the appellees in causes No. 15970 and No. 15-971, and, on the 27th day of May, 1924, the demurrer of the appellants in case No. 15971 and Louis Paul Chouteau, Jr., in cause No. 15970 was by the trial court overruled and exception reserved by them, and the parties chose to stand upon said demurrer and refused to plead further, and the trial court rendered judgment upon oral motion of the appellees in cases No. 15970 and No. 15971. The court rendered judgment in their favor, that the title to the lands be quieted and confirmed in them, their successors and assigns, from which judgment of the court the cause comes regularly upon appeal to this court for review by Louis Paul Chouteau, Jr., by his guardian ad litem, R. H. Laverly, in cause No. 15970, and by Louis E. Soldani and by Louis Paul Chouteau, Lula H. Williams, and May B. Henryetta Williams, minors, by their guardian, R. H. Laverly, and their guardian ad litem. M. L. Holcombe, in case No. 15,-971, appellants.

Two assignments of error are presented in the brief of attorney for appellants, which are as follows:

"(1) Error of the court in denying the motion of Louis P. Chouteau, Jr., a minor, by his guardian, R. H. Laverly, to vacate the purported order of revival in cause No. 15970, in the name of Ida M. Chouteau, administratrix of the estate of Louis P. Chouteau, deceased, and the purported dismissal thereof by her, and to revive and continue the same in the name of Louis P. Chouteau, Jr., a minor, by his guardian, R. H. Laverly,

"(2) Error of the court in refusing to sustain the demurrer of the plaintiffs in

error in cause No. 15971, and in rendering judgment in favor of the defendants in error therein."

Attorneys for appellees, in support of said judgment, in their brief present the same under four propositions, which are as follows:

"(1) The right of Louis P. Chouteau, Jr., to revive the action of Louis P. Chouteau, Sr., v. Emma Hoss et al., under chapter 3, art. 27, C. O. S., 1921, is barred because it was not made within one year from the death of Louis P. Chouteau, Sr.

"(2) Plaintiff in error failed to allege facts and circumstances entitling him to continue the cause under section 223, C. O. S. 1921.

"(3) The defense alleged in plaintiff in error's answer in the action of Frank Hudson, administrator, et al. v. Louis E. Soldani et al., was at the time of the filing of the answer barred by the statute of limitation, and this fact appeared on the face of the answer, and the court properly sustained the demurrer.

"(4) A general demurrer searches the record."

The pleadings of the appellants in these two cases show upon their face, that the action in the first case was begun by Louis P. Chouteau, and that while the said cause was pending he died on February 7, 1912, leaving his wife and son, as heretofore stated in this opinion, as his sole and only heirs, and it is argued on part of the appellants that the attempted revival of the cause by Ida M. Chouteau, as administratrix of the estate of Louis P. Chouteau, deceased, was without authority in law. this being an action involving real property belonging to the estate of Louis P. Chouteau, deceased, and that such a pending action could only be revived in the name of his heirs and not in the name of his administratrix. This is conceded, and correctly so, by the attorneys for appellees. See Glazier v. Heneybuss, 19 Okla. 316, 91 Pac. 872; Zahn v. Obert, 60 Okla. 118, 159 Pac. 298. All of her acts, in connection with the revival of the cause and its dismissal with prejudice, so far as it affects the undivided one-half interest of the appellant, Louis P. Chouteau, Jr., were ineffective for any purpose, but in her motion for dismissal there appears this language:

"Acknowledging hereby settlement of the causes of action set forth in the amended petition herein."

Under such circumstances, we are forced to find that, having in writing in her motion for dismissal acknowledged that the appellees had settled with her in full both for her interest and the minor's interest, she, herself, was concluded from asserting any further interest in herself in the lands involved, and by her act concluded the right of her minor son, Louis P. Chouteau, Jr., as her heir to assert any claim to her undivided one-half interest after her death.

The motion of appellant, Louis P. Chouteau, Jr., to revive the cause in his name was not filed until the 27th day of March, 1924, over 12 years after the death of his father, Louis P. Chouteau, who was the plaintiff in the original action, sought to be revived, and over nine years after the death of his mother, Ida M. Chouteau, and in said motion all the facts appear necessary to a decision in these two cases. There is no contention that any attempt was ever made in any legal way to revive the cause as to appellants, except as stated above, and a general demurrer having been filed by appellants searched the entire record as has been held by the Supreme Court of this State in the case of Crow v. Hardridge et al., 73 Okla. 136, 175 Pac. 115, in which it is said:

"A general demurrer searches the record and reaches the first defective pleading. Where a general demurrer to the answer is filed, if the petition fails to state a cause of action, such demurrer will be sustained to the petition."

This rule is so well settled, that it is unnecessary to cite further authorities in its support.

The sole and only question remaining to be determined is whether the filing of the motion to revive the action as to his undivided one-half interest in the land involved in this action by appellant, Louis P. Chouteau, Jr., over 12 years after the death of his father and over nine years after the death of his mother, was barred by the statute of this state for abatement and revival of actions, he being a minor at the time of the death of his father and up to and including the filing of the motion to revive. This question must be determined by construction of the statute law of this state upon the subject of abatement and revivor of actions. Section 837, Comp. Stats. 1921, is as follows:

"An order to revive an action, in the names of the representatives or successor of a plaintiff, may be made forthwith, but shall not be made without the consent of the defendant, after the expiration of one year from the time the order might have been first made; but where the defendant shall also have died, or his powers have ceased, in the meantime, the order of revivor, on both sides, may be made in the period limited in the last section: Provided, that where

the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

This section has been construed by this court in the cases of Glazier v. Heneybuss et al., supra, and Zahn v. Obert, supra, where it was held that this statute must be strictly complied with, and it is not a mere limitation upon a remedy, but conditions the very right to revive, and that the action cannot be revived after the expiration of one year without consent.

It will be observed that the above-quoted section makes it imperative that application for revivor must be before the expiration of one year, or if made after that time the consent of the defendant must be first obtained. This section has but two limitations upon the imperative requirement that it must be made within one year, and those are: First, that the death of the party be not known to the party, who has the right to revive the action; and, second, for other unavoidable reasons; and under those circumstances the trial court is permitted to revive the cause within a reasonable time thereafter. In the case here presented the death of the party was known and the consent of the defendant was not obtained, and then the question arises whether the minority of Louis P. Chouteau, Jr., was an "unavoidable reason" why the revival was not made within the time required by the statute. It will be noticed that no exception was made saving to infants the right to revive after they came of age, or within any limited time thereafter, as is contained in other statutes of limitation, and the general rule of construction is that exceptions from the operation of the statute of limitation commonly granted infants do not rest upon any fundamental doctrine of law, but upon the legislative will expressed by statutes, and unless infants are specifically excepted from their operations the infants are upon the same footing as adults.

In the first paragraph of the syllabus in the case of Gulf & S. I. R. Co. v. Bradley (Miss.) 69 South. 666, it is said:

"Laws 1898, c. 65, providing relative to actions for wrongful death that such action shall be commenced within one year after the death, contains no saving clause in favor o' any person, and the court cannot ingraft any such exception upon it."

In the last part of the second paragraph of the syllabus, it is said:

"* * * The act of 1908 did not authorize the bringing in 1913 of an action for a death

occurring in 1902, as the limitation contained in the law of 1898 was not merely a limitation of the remedy, but of the liability itself."

In the body of the opinion is cited the case of Rodman v. Railroad Co., 65 Kan. 645, 70 Pac. 642, quoting with approval Tiffany on Death by Wrongful Act, sec. 121, referring to special limitations, which quotation is as follows:

"These special limitations differ in some respects from those created by the ordinary statutes of limitation. Inasmuch as the act which creates the limitation also creates the action to which it applies, the limitation is not merely of the remedy, but is of the right of action itself. The right is given subject to the limitation, and a subsequent change in the period of limitation will not extend the period of limitation so as to affect an existing right of action."

In a footnote of Annotated Cases, 1916 C, following the case of Causey v. Seaboard Air Line Ry. Co. (N. C.) at page 714, it is said:

"The infancy of the plaintiff at the time when the right of action accrues does not postpone the running of the statute."

The case of Anthony v. St. Louis, etc., R. Co., 108 Ark. 219, is directly in point, and follows the case of The Harrisburg, 119 U. S. 199, which holds:

"The time within which a suit must be brought operates as a limitation of the liability itself as created, and not of the remedy alone. It is a condition to sue at all."

And it was held in the Arkansas case, supra, that the two minors, who, with their mother, were entitled to recover for the wrongful death of their father and husband, were barred from bringing the action because the same had not been brought within the time prescribed by the statute, and that the question can be raised by demurrer, which showed this condition on the face of the pleading. And, in said case, it was further held that a general statute, reserving the right of a minor to bring an action within three years next after he obtained his majority, did not apply and was a separate statute, and was not in conflict with the special statute, which fixed the right to bring the action in that case within two years after the right accrued.

Section 225, 17 R. C. L. at page 867, lays down the rule as follows:

"The exemptions from the operation of statutes of limitation usually accorded to infants do not rest upon any general doctrine of the law that they cannot be sub-

jected to their action, but, as a general rule, upon express language in those statutes giving them time after majority, or after cessation of coverture, to assert their rights."

The case of Raff v. State, 48 Kan. 44, 28 Pac. 986, holds that this section of the statute is mandatory. The Oklahoma statutes were adopted from the Kansas statutes upon the subject of revivor of actions.

We see no grounds, rounded either in reason or law, for any different rule to be applied to the statutory right to revive an action already commenced after the death of the party than the above rule, which applies to the bringing of an original action, but that the rule should apply more strongly to the question of revivor of an action, which would abate but for the statute of revivor. We therefore conclude that the question of minority of Louis P. Chouteau, Jr., cannot be urged as a legal excuse for not complying with the provisions of section 837 of the statute, heretofore quoted.

It is contended by attorney for plaintiffs in error that even though he could not revive the action under section 837, Comp. Stats. 1921, he could nevertheless proceed under section 223, Comp. Stats. 1921, which is as follows:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of the party, the court may allow the action to continue by or against his representatives or successors in interest, upon such terms and in such time as may be just under the circumstances presented. In case of any other trans.er of interests, the action may be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action."

Some cases are quoted in the brief of plaintiffs in error, decided by this court, which, in a measure, seem conflicting, but an examination of these cases discloses the fact that the party entitled to revive did not know of the death of the adverse party until after the expiration of the year, and when such information was obtained, they proceeded within a reasonable time to have the action revived. It will be observed in the above-quoted statute that it is provided that the court may allow the action to continue in the name of his representatives and successors upon such terms and in such time as may be just under the circumstances presented, leaving it largely to the discretion of the trial court, and where such discretion is not abused, then this court will not reverse the action of the trial court. We cannot say that the refusal to grant the motion to revive in this case was an abuse of discretion after the cause had remained dormant for a period of over 12 years from the time of the death of the original plaintiff.

Whatever may be said about the cases decided by the courts of other jurisdictions or by the decisions of this court, the last pronouncement by this court settles the matter in controversy here, and is to be found in the case of Edwards et al. v. Asher et al., 95 Okla. 39, 217 Pac. 869, in which case it was said, in construing the two provisions of the statute quoted in this opinion, that:

"This statute is not in conflict with section 5294, Revised Laws 1910, and both statutes should be given effect, and while the court may allow the action to continue upon such terms and in such manner as may be just under the circumstances presented, it is also imperative that section 5294, Revised Laws 1910, be complied with, and revivor had within the time therein provided in order to permit the action to continue. We are of the opinion that this cause is controlled by the rule announced in City of Oklahoma City v. Wright, 51 Okla. 772, 152 Pac. 451, Bennett v. Abbott, 55 Okla. 197, 154 Pac. 1156, and Tucker v. Miller, 55 Okla. 631, 155 Pac. 591."

Under the statute law and authorities, heretofore quoted, we are clearly of the opinion that the judgment of the trial court in this case was correct, and that it should be and is hereby, in all things, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 21 C. J. p. 1223 § 227. (2) 1 C. J. p. 231 § 484; 1 .R. C. L. p. 25. (3, 4, 5, 7) 1 C. J. p. 241 § 520; 1 R. C. L. p. 23; 1 R. C. L. Supp. p. 14. (6) 37 C. J. p. 1018 § 423. (8) 31 Cyc. p. 338.