[Civ. No. 7862.   Second Appellate District, Division Two.—June 6, 1933.]

ARTHUR P. HARRIS, Appellant, v. BELLE DICKINSON et al., as Executrices, etc., Respondents.

Henry Haves and George Manns for Appellant.

E. C. Pyle for Respondents.

STEPHENS, J.—This action for damages for breach of a contract for the exchange of real estate was filed and came to issue during July, 1928.   The defendants were sued as executrices of the estate of W. Q. Dickinson, deceased. W. Q. Dickinson was one of the contracting parties.   The claim upon the alleged breach was filed in probate court but one day before the last possible day.

No action on behalf of the plaintiff appears of record before October 24, 1930, when a substitution of attorneys was filed.   Soon thereafter plaintiff notified defendant that a motion to set the case would be made on the third day of November, 1930.   What became of this motion we do not know.   On January 7, 1931, defendant made his motion to dismiss on the ground that plaintiff had unreasonably delayed the prosecution of the case.   This motion was granted a week later.   The plaintiff appeals and sets up an affidavit in which he states that his former attorney informed him

on numerous occasions that the case was delayed in trial because of the congestion of the court calendar; that shortly before he substituted attorneys he became suspicious that his attorney was not properly attending to the matter.

Respondents argue that the pendency of the action prevented the closing of the estate and that there was no excuse for the long delay.

The question was for the sound discretion of the trial court and it cannot be said that the recitation of the facts indicates an abuse of such discretion. We do not favor a denial of a day in court on technicalities, but this case does not show that it was such. Assuming that plaintiff was entirely innocent of blame up to the substitution of attorneys, the case then went two months before motion to dismiss was made. After the long delay under the original attorney, there should have been prompt attention insisted upon under the second one.

Judgment affirmed.

Works, P. J., and Craig, J., concurred.