BAKER et al. v. DEICHMAN et al.

No. 28463.     Sept. 26, 1939.

Fred W. Martin, for plaintiffs in error.

Watts & Watts, for defendants in error.

DANNER, J. This appeal arose out of the consolidation of several cases in the district court. The actions involve many parties, pleadings, allegations and dates, most of which may be eliminated insofar as the merits of the present controversy are concerned. The points of importance are: Ollie Baker, one of the plaintiffs in error, is the widow of Clyde Baker. On September 3, 1920, Earl, Clyde, and Ollie Baker filed a joint petition of intervention in the litigation. Therein they asked for affirmative relief against the other parties. On September 20, 1920, their adversaries filed demurrers and a motion to strike their petition of intervention. Thus the case lay, in the files of the district court, for a period of almost 17 years, with no action being taken by any of the parties to terminate the litigation. On May 1, 1937, Coy Baker, Buddy Baker, and Pat Baker, minors, appearing by Ollie Baker, their mother and next friend, filed an application for permission to intervene, alleging that Clyde Baker died in 1930, and that they and their mother were his surviving heirs at law. They were given ex parte permission, and on May 8, 1937, filed their petition of intervention. Thereafter their opponents in the lawsuit filed motions to dismiss the two aforesaid petitions of intervention, and the trial court sustained said motions. The appeal is by Ollie Baker, widow of Clyde Baker, and by the aforesaid minors, through her as next friend.

We first consider the appeal of Ollie Baker. The joint petition of intervention, filed by her and Earl and Clyde Baker, on September 3, 1920, was the last act of any kind taken by her to obtain the affirmative relief which was asked in the petition. Thus for a period of approximately 17 years she had let the matter lie dormant, during which period one of her opponents died, and his attorney died, and the principal witness for her opponents also died. Although called an intervener, she was in reality in the position of a plaintiff. Under these circumstances the court was justified in dismissing her petition. We reviewed the authorities on this question at length in Dardenne v. Daniels, 176 Okla. 557, 56 P.2d 793. Having discussed the question in that decision, we deem it unnecessary to repeat it here. It was there held that where, from delay, the original transactions have become so obscured by lapse of time, loss of evidence, or death of parties or witnesses as to render it difficult to do justice, the doctrine of laches is applicable, and that the plaintiff may by his laches be precluded from relief, even though he may have been entitled thereto in the beginning. We further held that laches may consist not only in negligently instituting suit but also in negligently failing to prosecute it after it has been filed.

The power of the courts to dismiss for failure to prosecute has long been recognized. 18 C. J. 1191; 21 C. J. 234. A few of the many decisions of other courts may be cited. Raine v. Ennor et al., 39 Nev. 365, 158 P. 133 (delay of nine years); Phillips v. Santa Ana Times et al., 18 Cal. App. 280, 63 P.2d 838 (delay of three years in bringing action to retrial); Congdon et ux. v. Aumiller et al., 79 Wash. 616, 140 P. 912 (delay of seven years); Beaudette v. City of El Paso (Tex. Civ. App.) 247 S. W. 895 (delay of seven years); Crosby v. Di Palma (Tex. Civ. App.) 141 S. W. 321 (delay of ten years); Lowe v. Ring, 151 Wis. 664, 139 N. W. 429 (five years delay); McGurren et al. v. Noyes Bros.. 56 N D 146, 256 N. W. 649 (five years); Hurley v. Farnsworth, 115 Me. 321, 98 Atl. 821 (five years); Holtzoff v. Dodge, etc., Co., 119 N.

Y. S. 47 (three years); Wilensky v. Philadelphia Casualty Co., 131 N. Y. S. 549 (seven years). See, also, Smith v. Carter, 141 Wis. 181, 122 N. W. 1035; Bernays v. Frederick Leyland & Co., 288 Fed. 9'3; McAuley v. Orr, 97 S. C. 214, 81 S. E. 489; Harris v. Dickenson, 132 Cal. App. 448, 23 P.2d 68; Hruska v. Gibson, 316 Pa. 518, 175 Atl. 514; Davis v. Northern Pac. Ry. Co., 179 Minn. 225, 229 N. W. 86; Armstrong v. Star Co., 138 N. Y. S. 959; Fleischman v. Mengis, 113 N. Y. S. 515; Johnson v. Standard Mining Co., 148 U. S. 360, 37 L. Ed. 480. See, also, authorities quoted in Dardene v. Daniels, supra.

While time is not the sole issue in determining the question, it nearly always happens, as it did in this case, that other factors arise, such as the loss of evidence, death of witnesses or parties, or other developments, rendering it inequitable to continue permission to prosecute. Both from an appraisal of the situation in this case and from comparison of it with other decisions in the books we are of the opinion that the trial court did not abuse its discretion in dismissing the petition.

Ollie Baker does not deny or take issue with the foregoing principles. She seeks to excuse her delay by citing the fact that her opponents stipulated with each other for continuances amounting to approximately four years of the period in which the case lay dormant. However, the record reveals that no one ever stipulated with her or her attorney for a continuance. Her opponents in this involved litigation, consisting of several actions which were consolidated, had a side argument of their own at issue. In one of the actions a man by the name of Deichman sued two others by the name of Prentice. When the Bakers intervened, they sought affirmative relief against either or all of those parties. None of those parties sought affirmative relief as against the Bakers. Diechman and the Prentices stipulated for continuances several times, but this in no way prejudiced the rights of plaintiff in error to present her claim. The agreements of Deichman and the Prentices to continue affected an entirely different issue than that which was raised by the petition of intervention. Furthermore, the last of said continuances expired in 1923, more than 14 years prior to the order which is now appealed from. During that 14 years nothing whatever was done by the plaintiff in error to prosecute her action.

We now consider the appeal of the minors, who are the sons of Clyde Baker, deceased husband of Ollie Baker. Clyde Baker was one of the parties to the joint petition of intervention under which Ollie Baker sought to enforce her claims, and in the meantime he too has died. As stated above, Clyde Baker died in 1930, and the children did not intervene in his stead until 1937. The trial court dismissed their petition because of their failure to revive the action within one year after the death of Clyde Baker. In the absence of consent by the opposing parties, section 584, O. S. 1931, 12 Okla. St. Ann. § 1072, requires revivor within one year. Section 156, O. S. 1931, 12 Okla. St. Ann. § 235, permits surviving actions to continue by or against the representatives of a deceased party, "upon such terms and in such time as may be just under the circumstances presented." The minor plaintiffs in error cite cases (see below) to the effect that section 584 is not exclusive, but that an action may also be continued by supplemental petition under section 156, upon such terms and in such time as may be just under the circumstances. They, therefore, contend that they were not required to revive within a year after the death.

That contention has been denied by this court. In Fabian v. Griesel, 181 Okla. 137, 73 P.2d 180, we construed these two sections, and did likewise in Choteau v. Hoss et al., 118 Okla. 76, 246 P. 844, and Edwards et al. v. Asher et al., 95 Okla. 39, 217 P. 869. We held in those decisions that the two sections are not in conflict. In the Edwards Case we pointed out that while the court may allow the action to continue upon such terms and in such manner as may be just under the circumstances presented, it is also imperative that section 584, supra (section 5294, R. L. 1910), be complied with and revivor had within the time therein provided. An exception was made in the cases cited by plaintiff in error, Boyes v. Masters, 28 Okla. 409, 114 P. 710, and Glenn v. Payne, 48 Okla. 196, 149 P. 1151, which exception was described in Choteau v. Hoss, supra, as being based upon the fact that the party entitled to revive did not know of the death until after the expiration of a year from said death, and then did proceed within a reasonable time after obtaining the information. That fact not being present, it is unnecessary to comment herein on the exception.

In Chouteau v. Hoss, supra, a minor moved to revive a cause in his own name

12 years after the death of his father, the original plaintiff. He contended that, being an infant, section 584, supra (section 837, C. O. S. 1921), did not apply to him. That contention was denied and we stated in part (118 Okla. 79, 246 P. 846, 847):

"It will be noticed that no exception was made saving to infants the right to revive after they came of age or within any limited time thereafter, as is contained in other statutes of limitation, and that the general rule of construction is that exceptions from the operation of the statute of limitation commonly granted infants do not rest upon any fundamental doctrine of law, but upon the legislative will expressed by statutes, and unless infants are specifically excepted from their operations the infants are upon the same footing as adults. * * *

"We therefore conclude that the question of minority of Louis P. Choteau, Jr., cannot be urged as a legal excuse for not complying with the provisions of section 837 of the statute heretofore quoted."

The defendants in error point out that Earl, Clyde, and Ollie Baker were joint interveners, in the same position as joint plaintiffs, and argue that for that reason also the action abated upon Ollie Baker's failure to revive within one year after her husband's death, and that hence an additional ground exists for holding that the entire action lapsed upon said failure of revivor. Use is made of the doctrine announced in Drew v. Thurlwell, 173 Okla. 405, 48 P.2d 1066, 100 A. L. R. 806, to the effect that an action by or against joint parties must be revived within one year after the death of either of said joint parties or else it becomes dead and cannot be revived. In view of the foregoing, however, it is unnecessary to discuss this contention.

The judgment is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN and HURST, JJ., concur.