EMMA RAFF, *as Administratrix and sole heir at law of the estate of Hiram Raff, deceased,* v. THE STATE OF KAN-SAS.

RECOGNIZANCE—*Forfeiture—Revivor of Judgment.* The state of Kansas recovered a judgment against R. and C. on a forfeited recognizance in Harper county. Subsequently an execution was issued upon the judgment to the sheriff of Reno county, for the purpose of levying upon the property of R. and C. They obtained an injunction in the district court of Reno county against the sheriff, perpetually enjoining him from levying or attempting to levy the execution, and also enjoining the sheriff and board of county commissioners of Harper county from attempting to collect the judgment by virtue of any process issued thereon. Neither the state of Kansas nor any officer of the state, nor the county treasurer of Harper county, nor any treasurer of the school districts of that county, was a defendant. The sheriff and his co-defendants at once commenced proceedings in the supreme court to review and reverse the judgment granting the injunction. While this case was pending in the supreme court, R. died, but the cases in Reno county and the supreme court were revived with consent of all the parties, in the name of the personal representative and sole heir of R., deceased. Within the year prescribed by the statute, the district court of Harper county, upon the application of the state of Kansas, entered an order of revivor on the judgment upon the forfeited recognizance. *Held,* That this order was necessary to keep the judgment from becoming dormant; that it was not an attempt to collect the same; and was not a violation of the injunction granted by the district court of Reno county.

*Error from Harper District Court.*

THE opinion contains a sufficient statement of the case.

*G. A. Vandeveer,* and *F. L. Martin,* for plaintiff in error.

*Shepard, Cherry & Shepard,* and *Grove & Jones,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 6th day of December, 1883, a judgment was rendered on a forfeited recognizance in the district court of Harper county, in favor of the state of Kansas, against Hiram Raff and others, for $3,000, with interest and

costs. On the 12th day of May, 1885, an execution was issued by the clerk of the district court of Harper county on the judgment to the sheriff of Reno county to collect the same. Hiram Raff and others then commenced an action in the district court of Reno county against the sheriff of that county, to obtain an injunction restraining him from levying the execution or attempting to collect the amount thereof. In that action, the board of county commissioners of Harper county was made a party defendant, on its application, but neither the state of Kansas, nor any officer of the state, nor the county treasurer of Harper county, nor any treasurer of the school districts of that county was a defendant. On the 29th day of July, 1887, the sheriff was perpetually enjoined from levying or attempting to levy the execution, and the sheriff and the county commissioners of Harper county were also enjoined from attempting to collect the execution by virtue of any process issued thereon. The defendants excepted to that judgment, and prosecuted proceedings in error in this court. At the July term of this court for 1889, the judgment was reversed, and the cause remanded to the district court, with instructions to render a judgment in favor of the sheriff and the other defendants. (*Smith v. Collins*, 42 Kas. 259.) While the case was pending in this court, and on June 4, 1888, Hiram Raff died. On June 28 of the same year, his widow, Emma Raff, who was the sole heir, was appointed administratrix of his estate. On November 21, 1888, the judgment in the district court of Reno county was revived by consent against the personal representative of Hiram Raff, deceased, and soon after the action was also revived in the supreme court, with consent, against such personal representative. On April 8, 1889, the state—the plaintiff in the judgment in Harper county against Hiram Raff—filed its motion in the district court of that county for an order reviving the judgment against Mrs. Raff, the sole heir and the personal representative of Hiram Raff, deceased. The motion to revive was granted. Mrs. Raff excepted, and brings the case here.

It is insisted that the state of Kansas was not entitled to

revive the judgment rendered in the district court of Harper conrty so long as the injunction rendered by the district court of Reno county remained unreversed. In the action brought by Hiram Raff and others in Reno county, neither the state of Kansas, nor any officer of the state, nor the county treasurer of Harper county, nor any treasurer of the school districts of that county, was defendant. Section 332 of the criminal code provides:

"All fines and penalties imposed, and all forfeitures incurred, in any county, shall be paid into the treasury thereof, to be applied to the support of the common schools."

In the case of *Blake v. Comm'rs of Johnson Co.*, 18 Kas. 266, this court expressly declares that the county treasurer is by the statute made the proper party to collect moneys due on a judgment of a forfeited recognizance, and that his duty is to pay the money collected on such a judgment to the school-district treasurers. And this has been the uniform practice in this state ever since its admission. The order of revivor in Harper county was not in violation of the injunction rendered in Reno county. The judgment had to be revived within the year; otherwise it could not be revived except by consent. (Civil Code, §§ 433, 434; *Green v. McMurtry*, 20 Kas. 189; *Myers v. Kothman*, 29 id. 19; *Tibbetts v. Deck*, 41 id. 492.) The order was necessary to keep the judgment from becoming dormant, and was not an attempt to collect the same by virtue of any process. It was not made at the instance or at the request of any defendant in the Reno county injunction case.

The order and judgment of the district court will be affirmed.

All the Justices concurring.