### HESTER v. GILBERT.

No. 3808.   Opinion Filed September 22, 1914.

(143 Pac. 189.)

APPEAL AND ERROR—Death of Party—Dismissal. The sole defendant in error, Lem Gilbert, died on the 27th day of January, 1913, after petition in error had been filed in this court. On the 3d day of March thereafter, an administrator of his estate was appointed. No action has been taken to revive said cause in the name of the administrator, representative, or heirs. After the expiration of one year, the administrator files his motion in this court to dismiss the appeal. Held that, since the time has expired within which said cause may be revived under sections 5292 and 5293, Rev. Laws 1910, without the consent of the representatives or successors, this court is without jurisdiction to hear and determine said cause upon the merits; and the same is hereby dismissed.

(Syllabus by the Court.)

*Error from County Court, Bryan County;*
*J. L. Rappolee, Judge.*

Action between Charles Hester and Lem Gilbert. From the judgment, Hester brought error, and, Gilbert dying, Sam Moore, administrator of his estate, moved to dismiss the proceeding in error. Dismissed.

*H. A. Ledbetter,* for plaintiff in error.

*McPherren & Cochran,* for defendant in error.

RIDDLE, J.  On April 6, 1914, Sam Moore, administrator of the estate of defendant in error, Lem Gilbert, filed his motion to dismiss this proceeding, and for grounds of dismissal it is alleged: That defendant in error died on the 27th day of January, 1913. That on the 3d day of March, 1913, said Sam Moore was appointed administrator of the estate of said Lem Gilbert, deceased, and is now the duly qualified and acting administrator of said estate. That more than one year has elapsed since the death of said Gilbert and since the appointment of said administrator. That no effort has been made to have said cause revived in the name of the administrator, other representative, or heirs.

This motion is resisted upon the ground that plaintiff in error had no notice of the death of defendant in error prior to the time of filing said motion to dismiss. (2) That said motion to dismiss is general in its nature, and that the said Sam Moore appears generally as administrator, and he is now before the court for all purposes. The motion to dismiss and the reply to the answer are each sworn to, and it is shown by affidavit of C. B. Cochran, attached to the reply to the answer, that plaintiff in error had knowledge of the death of defendant in error at the time, or a day or two after his death. We are of the opinion that under sections 5292 and 5293, Rev. Laws 1910, unless the cause is revived within one year after the death of the sole plaintiff or defendant, except by consent of the representatives or successors, said action abates. Had the administrator filed his motion, making a general appearance in this court within one year after the death of defendant in error, there might then be some merit in the contention that he had voluntarily made himself a party, and was in court for all purposes; but clearly after the expiration of one year, and the time having expired within which the case could be revived, under the sections of the statute cited, without the consent of the representatives or successors, jurisdiction could not be conferred upon this court by filing the motion to dismiss, although the party may make a general appearance. The reply to the answer, to which is attached an affidavit, showing that plaintiff in error had knowledge of defendant in error's death at or about the time he died, is not denied. However, in the absence of allegations of fraud or undue advantage, should it be conceded that plaintiff in error had no knowledge of the death of defendant in error, it would not constitute sufficient grounds to avoid the effect of the statute. We are of the opinion that, by reason of the uncontroverted facts set up in the motion, this court is without jurisdiction to hear and determine this cause on the merits.

For the reasons herein assigned, the cause must be dismissed; and it is so ordered.

All the Justices concur.