## JOHNSON *et al.* v. ALEXANDER.

No. 4936.    Opinion Filed October 5, 1915.

Rehearing Denied December 21, 1915.

(153 Pac. 627.)

**APPEAL AND ERROR—Death of Party—Dismissal—Revivor.** Where a defendant in error has died after the petition in error has been filed in this court, and more than a year has elapsed since the date when the action could have been first revived; and it not having been revived, and no showing is made that the fact of the death was not known to the plaintiffs in error or that a revivor of the action was prevented by some other unavoidable reason, and the representative or successor of the deceased does not consent to a revivor, but moves to dismiss the appeal, the motion will be sustained and the appeal dismissed.

(Syllabus by Wilson, C.)

*Error from District Court, Hughes County;*
*John Caruthers, Judge.*

Action by Willie Alexander, by his next friend, Izora Lee, against J. Coody Johnson and others. Judgment for plaintiff, and defendants bring error. Dismissed.

*Willmot & Dean,* for plaintiffs in error.

*Carr & Field* and *J. B. Thompson,* for defendants in error.

Opinion by WILSON, C. Defendant in error, Willie Alexander, by his next friend and mother, Izora Lee, as plaintiff, recovered a judgment in the district court of Hughes county against the plaintiffs in error, as defendants in that court, quieting the title of the plaintiff, Willie Alexander, to certain lands in that county against the claims and pretensions of the defendants, and on March 26, 1913, the defendants commenced this action in this court to vacate said judgment by filing herein

their petition in error with a case-made attached.  On July 3, 1915, the defendant in error, Izora Lee, appeared specially, and filed her motion to dismiss said appeal for the alleged reason, among others which we will not consider, that the defendant in error, Willie Alexander, died on March 24, 1914, leaving surviving him Eva Lee, his wife, and Izora Lee, his mother, who have since that time been continuously residents of the State of Oklahoma, and that, although more than 12 months have elapsed since the death of said Willie Alexander, the plaintiffs in error have taken no steps or proceedings to revive the action.  On July 9, 1915, the plaintiffs in error filed in this court their answer to defendant in error's motion to dismiss and their counter motion to strike this action from the assignment and to be allowed a reasonable time in which to give notice of an application for an order to revive the action, basing their application on the allegation that none of the plaintiffs in error or their attorneys knew of the death of said Willie Alexander until a few days before the filing of the motion to dismiss, although it is admitted that the plaintiff in error J. Coody Johnson had received some information theretofore of the death of said Alexander; but it is urged that the information came from such a source and in such a way that he did not believe it.  Subsequently, a reply to the answer and counter motion of the plaintiffs in error was filed by the defendant in error.  The motion to dismiss, the answer thereto, and counter motion, and the defendant in error's reply, were all supported by affidavits.

Section 5293, Rev. Laws 1910, provides that:

"An order to revive an action against the representatives or successors of a defendant shall not be made with-

out the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

To the same effect, see *Atchison, T. & S. F. Ry. Co. v. Fenton*, 32 Okla. 614, 123 Pac. 169.

The proviso to section 5294 provides:

"That where the death of a party is not known or for other unavoidable reasons the court may permit the revivor within a reasonable time thereafter."

The plaintiffs in error contend that they did not know of the death of Alexander until a very short time before the motion to dismiss was filed, that they were thereby prevented by unavoidable reasons from reviving in time, and move to strike this action from the assignment and for leave to commence proceedings to revive. If the proof reasonably sustained the contention of the plaintiffs in error in that respect, they would undoubtedly be entitled to the relief they ask; but it does not. The allegations of plaintiffs in errors' motion and the affidavit of J. Coody Johnson, one of the plaintiffs in error, are both to the effect that said Johnson had information of the death of Alexander nearly six months before the filing of the motion to dismiss sufficient to put a reasonably prudent person on inquiry as to the truth of his information, and the greatly preponderating weight of the evidence as gleaned from the affidavits filed for and against the motion to dismiss is to the effect that said Johnson had satisfactory information that Alexander was dead a long time before the expiration of the time in which the action could have been revived, probably as early as the 5th or 6th of July, 1914, and the mere fact that he failed to notify his attorneys or his coplaintiffs in error of the

fact did not stay the running of the statute against the revivor of the action, in the absence of proof of fraud or collusion on his part.

Under the provisions of the statutes above referred to and the facts in the case as shown by the affidavits for and against the respective motions, more than a year having expired after the time in which a revivor of the action could reasonably have first been made, and the action not having been revived against the representative or successor of the defendant in error, Willie Alexander, we conclude that the defendant in error's motion to dismiss the appeal should be sustained and the appeal dismissed, and it is so recommended. See *Hester v. Gilbert,* 43 Okla. 400, 143 Pac. 189.

By the Court: It is so ordered.