## NORTON et al. v. CHARLEY.

No. 6619.   Opinion Filed May 2, 1916.

(157 Pac. 340.)

**APPEAL AND ERROR—Dismissal—Grounds—Death of Party.** Where defendant in error has been dead for more than one year, the plaintiffs in error having knowledge of such death, and no proceedings have been taken to revive the action, and the representatives or successors of the deceased do not consent to revivor, but move to dismiss the appeal, this court is without jurisdiction to consider the appeal, and it will be dismissed.

(Syllabus by Rummons, C.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action by Charley, a minor, by his legal guardian, John Cordell, against Sam Norton and another. Judgment for plaintiff, and defendants bring error. Dismissed.

*Fowler & Biggers,* for plaintiffs in error.

*John W. Willmott,* for defendant in error.

Opinion by RUMMONS, C. This cause comes on to be heard upon the motion of Buddy, and Susie, a minor, by

said Buddy, as her mother and next friend, to dismiss this proceeding in error for the reason that defendant in error, Charley, subsequent to the judgment rendered in this action, and prior to February 6 1914, died intestate in Seminole county, Okla., leaving as his only heirs the said Buddy, his wife, and the said Susie, his daughter and only living descendant, and that no steps have been taken by plaintiffs in error to revive said action. Notice of this motion has been served upon counsel for plaintiffs in error. It appears from said motion and the affidavits and certificates thereto attached that defendant in error, Charley, had been dead for more than a year prior to the filing of this motion, and that plaintiffs in error had knowledge of his demise. As an order to revive an action against the representatives or successors of a defendant cannot be made without the consent of such representatives or successors, unless within one year from the time it could have been first made (section 5293, Rev. Laws 1910), and, as more than one year has elapsed since the death of the defendant in error without any steps being taken by the plaintiffs in error to revive this action, this court is without jurisdiction to consider this appeal, and the appeal should therefore be dismissed.

By the Court: It is so ordered.