**CHICAGO, R. I. & P. R. CO. v. PEACOCK.**

No. 10894—Opinion Filed June 20, 1922.

(Syllabus.)

1. **Abatement and Revival—Time for Revival—Statute.**

An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law. Section 5293, Revised Laws of Oklahoma, 1910.

2. **Same—Death of Defendant in Error Pending Appeal—Dismissal.**

When the defendant in error has died pending the appeal in this court, and more than a year has elapsed since the death of

the defendant in error, and the cause of action has not been revived and the personal representatives of defendant in error move to dismiss the appeal, this court may sustain such motion and dismiss the appeal under said section 5293.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by J. N. Peacock to recover damages against the Chicago, Rock Island & Pacific Railway Company. Verdict and judgment for plaintiff. Defendant appeals. Plaintiff, J. N. Peacock, died pending the appeal. The action was not revived within a year. Motion to dismiss the appeal for failure to revive sustained. Dismissed.

C. O. Blake, for plaintiff in error.

J. H. Harper, for defendant in error.

MILLER, J. This action was commenced in the district court of Jefferson county by J. N. Peacock, as plaintiff, to recover damages against the Chicago, Rock Island & Pacific Railway Company, because said company had carelessly and negligently operated its railroad train in such a manner as to frighten the horse of the plaintiff which he was driving, and which resulted in injury to the plaintiff. There was a verdict and judgment for the plaintiff in the sum of $200. Defendant appeals and appears here as plaintiff in error.

Jennie Peacock, as surviving widow and heir at law of J. N. Peacock, deceased, on May 16, 1922, filed a motion to dismiss the appeal, a copy of which motion was served on the plaintiff in error. The motion to dismiss is supported by an affidavit and is on the ground that the defendant in error, J. N. Peacock, died on the 9th day of March, 1921, and that more than a year has elapsed since the death of defendant in error, and this action has not been revived in the name of the personal representatives of the said J. N. Peacock, deceased; that under section 5293, Revised Laws of Oklahoma 1910, the plaintiff in error cannot now revive the action.

The plaintiff in error has not filed any response to the motion to dismiss the appeal, neither does it deny the grounds thereof. Under said section 5293, supra, we think the appeal should be dismissed. Said section reads as follows:

"An order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successors, unless in one year from the time it could have been first made, except as otherwise provided by law."

The motion is sustained, and the appeal is hereby dismissed.

HARRISON, C. J., and JOHNSON, KENNAMER, and NICHOLSON, JJ., concur.