### MATHEWS et al. v. WARD.

No. 13464—Opinion Filed Nov. 6, 1923.

(Syllabus.)

**Appeal and Error—Death of Party—Failure to Revive Cause—Dismissal.**

Where the defendant in error dies pending appeal in this court and the adminis-

trator has been appointed of said estate, and the time has expired within which said cause may be revived without the consent of the administrator, this court, upon motion of such administrator duly served upon plaintiffs in error which is not resisted, will dismiss said appeal.

Error from District Court, Sequoyah County; J. H. Jarman, Judge.

Action between Paul Ward and H. J. Mathews et al. From the judgment, the latter brings error. Appeal dismissed.

Frye & Frye, for plaintiffs in error.

L. C. McNabb, fo defendant in error.

McNEILL, J. H. B. Brown, administrator of the estate of Paul Ward, deceased, filed a motion to dismiss the proceeding and for grounds alleges: That Paul Ward died on or about the 28th day of July, 1922 and H. B. Brown was appointed administrator of the estate, and since August, 1922, more than one year has expired since the death of said Ward, and no steps have been taken by the plaintiff in error to revive said cause in the name of the administrator. Notice of said motion was duly served, and no response has been filed thereto. The facts in this case come squarely within the facts in the case of Hester v. Gilbert, 43 Okla. 400, 143 Pac. 189. Upon authority of said cause, the appeal is hereby dismissed.

KENNAMER, NICHOLSON, COCHRAN, and MASON, JJ., concur.