Stillie v. Stillie.

---

No. 26,253.

IRENE (JACKSON) STILLIE, a Minor, by JOHN F. JOHNSON, Her Guardian, *Appellee,* v. FRANK D. STILLIE et·al., *Appellants.*

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

1. The principles of law declared in *Stillie v. Stillie,* 119 Kan. 816, 244 Pac. 844, and *Stillie v. Stillie,* 120 Kan. 565, 244 Pac. 844, adhered to.

2. EJECTMENT—*Judgment Against Deceased Person—Time for Objection.* The supreme court cannot make any order correcting the error of the trial court in rendering judgment against a deceased person in an ejectment action where the death was not suggested to the trial court at any time and is not presented to the supreme court until more than one year after the death and after the rendition of the judgment.

3. APPEAL AND ERROR—*Extrinsic Fraud Appearing on Appeal—Disposition of Cause.* Where it is made to appear on appeal that extrinsic fraud was practiced to obtain the judgment, this court may direct inquiry to be made con-

Appeal and Error, 4 C. J. pp. 1115 n. 37, 1117 n. 66.

cerning the truth of the charge of fraud and direct the trial court to grant a new trial if the charge is sustained.

Opinion on second rehearing filed October 9, 1926. Former opinion declaring principles of law adhered to. Cause remanded for examination on particular question.

*W. R. Hazen, Frank G. Drenning, Robert Stone, George T. McDermott, Robert L. Webb* and *Beryl R. Johnson,* all of Topeka, for the appellants.

*James E. Larimer, Elisha Scott* and *W. E. Atchison,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The history of this litigation is as follows: In *Stillie v. Stillie,* 115 Kan. 421, 223 Pac. 281, a judgment of the district court granting a new trial was affirmed on February 29, 1924. The action had been first tried by George H. Whitcomb, judge of the district court of Shawnee county, division No. 2, and a new trial had been granted by him, after a demurrer to the evidence of the plaintiff had been sustained. After that judgment was affirmed, a trial was had in the district court of Shawnee county before Oscar Raines, judge *pro tem.,* which resulted in a verdict and judgment in favor of the plaintiff. From that judgment the defendants appealed. That judgment was rendered November 17, 1924, and was affirmed in *Stillie v. Stillie,* 119 Kan. 816, 244 Pac. 844. Thereafter, within proper time, a motion for rehearing was filed by the defendants and an opinion denying a rehearing is reported at *Stillie v. Stillie,* 120 Kan. 565, 244 Pac. 844. Thereafter an extension of time was granted in which the defendants could file a second motion for rehearing. That has been done, and with it has been filed a motion to set aside the judgment on the ground that it was obtained by fraud and corruption on the part of the plaintiffs. A motion has also been filed suggesting that Zachariah Stillie, one of the defendants, died January 8, 1923, leaving no children, and that Lewis Stillie, another of the defendants, died July 2, 1924, leaving Roberta Stillie, Blanch Stillie Menor, Eugene Stillie, Hiram Stillie, Isaac Stillie, and Ethel Stillie Battle, his children, surviving him.

1. The second motion for a rehearing reargues all the matters of law that were presented when the last appeal was first heard by this court and all the matters that were presented in the first motion for rehearing which was denied in *Stillie v. Stillie,* 120 Kan. 565, 244 Pac. 844. The majority of the court adheres to the principles of law previously declared in the opinions found in *Stillie v. Stillie,*

119 Kan. 816, 244 Pac. 844, and in *Stillie v. Stillie,* 120 Kan. 565, 244 Pac. 844. These principles will not be further discussed.

2. The death of Zachariah Stillie and Lewis Stillie occurred before the judgment was rendered in this action. There has been no consent that the action be revived against their heirs. More than one year has elapsed since their death and since the judgment was rendered. The court does not have the heirs of Zachariah Stillie and Lewis Stillie before it and is powerless to make any order against them. This is a matter that must be handled by the parties to this litigation as to them seems best.

3. The motion to set aside the judgment on the ground of fraud and corruption on the part of the plaintiffs presents a serious matter. That motion sets out the following contract:

"State of Kansas, County of Shawnee.

"Personally appeared before me, a notary public, Jack Johnson, guardian of Irene Stillie Jackson, Lena McDowell and Henry McDowell. We hereby agree by and between Irene Stillie Jackson, through her guardian, Jack F. Johnson, party of the first part, and Lee Skidmore and Ida Skidmore and parties of the second part.

"All parties do hereby agree that in consideration of the Skidmores influencing or securing the proper signatures of Carl Jackson of Carthage, Mo., making correct statements and signing papers to whether he is or is not the father of Irene. In the case of Carl Jackson signing and admitting such papers, Lee Skidmore and Ida Skidmore are to become in full possession of lots, beginning on the southwest corner of King and Lincoln, then south to Porter's fence, and then west to the alley, then north to place of beginning, and all the appurtenances thereto belonging.                    JACK JOHNSON.

                                                    LEE SKIDMORE.

                                                    LENA McDOWELL.

                              (His mark ✕)    HENRY McDOWELL.

                                                    IRENE JACKSON STILLIE.

"Subscribed to before me this 29 day of Aug. 1922.

(Seal)                              ·    VAN SMITH, *Notary Public.*

"My Com. Ex. Dec. 16, 1924."

The contract recites that Jack Johnson was the guardian of the plaintiff. Lena McDowell, one of the contracting parties, was the mother of the plaintiff, and Irene Jackson Stillie was the plaintiff. The motion alleges that the affidavit of Carl Jackson was obtained as provided in the contract; that it was sworn to August 25, 1922; and that the appellants first learned of the existence of a contract about May 27, 1926, and did not see it until June 1, 1926. It appears from the opinion in *Stillie v. Stillie,* 115 Kan. 420, 223 Pac. 281, that the affidavit of Carl Jackson was used to procure a new trial before Judge Whitcomb.             ₒ

38—121 KAN.

The motion shows an attempt to pervert justice at its source, and shows an attempt which if successful cannot be permitted to stand. The rule is that this court determines appeals on records made in the trial court, but that rule has not always been strictly followed. In *Caldwell v. Modern Woodmen*, 90 Kan. 175, 133 Pac. 843, this court said:

"A judgment upon an insurance policy based upon the presumption of the death of the insured person after an unexplained absence of over seven years was affirmed. Afterwards, and while the action was pending upon a motion for a rehearing, evidence was filed in this court tending to prove that the insured person was still alive. A rehearing was granted upon the question whether the issue of death should be again tried in the district court, and upon that question, on leave given to both parties, additional evidence was filed in this court tending further to prove that the insured is living. No evidence is presented to the contrary. It is *held:* (1) That upon the circumstances of this case the defendant is not precluded from asserting that the insured is still alive by its failure to discover and produce proof of that fact at the trial; (2) that this court has jurisdiction to allow a new trial of the single issue of death.

"While this court has no jurisdiction to determine the issue of death presented in the pleadings, it may, in the exercise of appellate jurisdiction, consider the new evidence in determining the question whether that issue shall be retried in the district court.

"In the extraordinary situation presented, in order that the truth may be ascertained and justice done, a new trial of the issue to determine whether the insured person was living when the action was commenced is allowed."

In *Craig v. Craig*, 110 Kan. 13, 202 Pac. 594, this court said:

"The supreme court has both inherent and statutory power to prescribe a rule of procedure whereby an order of the supreme court reversing a judgment which was procured by the fraud of a litigant may be set aside and corrected."

In *Craig v. Craig*, 112 Kan. 472, 212 Pac. 72, the court said:

"Following the decision in the preliminary hearing of this case, 110 Kan. 13, 202 Pac. 594, it is held that the supreme court is possessed with inherent and statutory power to set aside or correct an order of reversal of a case procured by the fraud of one of the litigants, notwithstanding the mandate has been spread in the district court and the cause there dismissed. This court has like power to prescribe a rule of procedure for setting aside or correcting such an order."

In *Ridge v. Manker*, 132 Fed. 599, 601, the eighth circuit court of appeals said:

"An appellate court may avail itself of authentic evidence outside of the record before it of matters occurring since the decree of the trial court when such course is necessary to prevent a miscarriage of justice, to avoid a useless circuity of proceeding, to preserve a jurisdiction lawfully acquired, or to

protect itself from imposition of further prosecution of litigation where the controversy between the parties has been settled, or for other reasons has ceased to exist."

Under the rule to which this court is adhering in the present action, it was necessary to show that Carl Jackson was not the father of the plaintiff. She with her mother entered into the contract to procure the affidavit of Carl Jackson. With his affidavit, a new trial was procured; without the affidavit, a new trial possibly would not have been granted. On the new trial, the mother, Lena McDowell, was a material witness and testified that Jackson Stillie was the father of the plaintiff.

If the contract had been shown on the cross-examination of the witnesses, it would have affected the credibility of those who signed it to such an extent that it might have caused the jury to disbelieve their testimony. If the contract set out in the motion was signed as there alleged and a false affidavit from Carl Jackson was obtained in obedience to that contract, it was a fraud practiced on the court in favor of the plaintiff, a fraud that was extrinsic or collateral to the matter tried by the court.

In *Garrett v. Minard,* 82 Kan. 338, 341, 108 Pac. 80, it was said:

"It was stated as a general rule 'that an act for which a court of equity will set aside or annul a judgment between the same parties, rendered by a court of competent jurisdiction, has relation to fraud extrinsic or collateral to the matter tried by the first court, not to fraud in the matter on which the judgment was rendered. By the expression "extrinsic or collateral fraud" is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy.' "

In *Plaster Co. v. Blue Rapids Township,* 81 Kan. 730, 106 Pac. 1079, the court said:

"The fraud which will authorize a court to vacate a judgment in an action brought for that purpose under section 570 of the code of civil procedure must be extrinsic or collateral to the matter involved in the former action, and sufficient to justify the conclusion that but for such fraud the result would have been different."

Section 60-3007 of the Revised Statutes provides that—

"The district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made . . . for fraud, practiced by the successful party, in obtaining the judgment or order."

The cause is remanded to the trial court with directions to ascertain the truth of the matter set out in the motion filed in this

court and to grant a new trial if it be found that the allegations of the motion are true.

JOHNSTON, C. J., and BURCH and HARVEY, JJ., dissent from the order adhering to the principles of law declared in *Stillie v. Stillie,* 119 Kan. 816, 244 Pac. 844, and *Stillie v. Stillie,* 120 Kan. 565, 244 Pac. 844.