Nos. 28,476 and 28,762.

IRENE JACKSON STILLIE MARTIN, *Appellee*, v. JAMES E. STILLIE et al., *Appellants*.

(281 Pac. 925.)

Opinion filed November 9, 1929.

*W. R. Hazen, Charles Rooney* and *Howard Rooney,* all of Topeka, for the appellants.

*W. E. Atchison, Frank E. Miller, James E. Larimer* and *Elisha Scott,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: There are two appeals by defendants in this action. They involve an order denying the motion of some of the defendants challenging the jurisdiction of the court, an order denying

the motion of the defendants to dismiss the action for failure of the plaintiff to obey the order of the court to give security for costs, the judgment in favor of the plaintiff, and orders made on the final trial of the action after it had been remanded by this court to the district court for further proceedings. The defendants also complain of the court's permitting the plaintiff to further prosecute this action before she had purged herself of contempt of court in practicing fraud and corruption in obtaining a new trial.

This is the fifth opinion in this action. (*Stillie v. Stillie*, 115 Kan. 420, 223 Pac. 281; 119 Kan. 816, 244 Pac. 844; 120 Kan. 565, 244 Pac. 844; 121 Kan. 591, 249 Pac. 672.)

■ To present the first proposition argued by the defendants, we quote the statement of facts set out in their brief as follows:

"This action was commenced in May, 1921. While action was pending the following-named defendants died intestate in a foreign state: Lewis Stillie died July 22, 1922. His wife, Henrietta Stillie, died May 4, 1925, leaving children surviving. Zachariah Stillie died January 8, 1923, leaving a widow, Lydia Ann Stillie, and no children. Jasper A. Stillie died May 5, 1922, and left surviving a widow, Mahala Stillie, and children. Carolina Hargett died November 4, 1924, leaving no husband, nor children surviving. Her husband, Edward Stillie, died June 9, 1920.

"No attempt has ever been made to revive the action as against the heirs of the deceased defendants. After the expiration of one year from the death of the last deceased defendant, the affidavit of Frank D. Stillie and James Edward Stillie was filed in the case, and a motion filed for an order dismissing the action as to said deceased defendants.

"The plaintiff then filed a motion for an order permitting her to make the heirs of said deceased defendants parties to the action, and for leave to file an amended and supplemental petition. Defendant's motion to dismiss was denied, and plaintiff's motion was sustained.

"Plaintiff then filed an amended and supplemental petition, making said heirs and others parties defendants, and procured service by publication.

"The heirs of said deceased defendants then entered a special appearance, challenging the jurisdiction of the court to prosecute the action as against them.

"This motion was denied, and from such denial the appeal was taken. This is *one* of the questions presented by the appeal.

"On March 22, 1928, defendants filed a motion to dismiss the action on account of failure of plaintiff to give security for costs, in compliance with order previously made.

"On April 7, 1928, said motion to dismiss was overruled, from which order appeal has been taken."

The defendants argue that because the action had not been revived against the heirs of the deceased defendants it should have been dismissed as to them. The statutes concerning revivor of ac-

tions are found in R. S. 60-3205 to 60-3221, inclusive. R. S. 60-3214 reads:

"An order to revive an action against the representative or successor of defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made."

The plaintiff did not proceed under these statutes. She proceeded under sections 60-415 and 60-764 of the Revised Statutes.

R. S. 60-415 reads:

"An action does not abate by the death or other disability of a party, or by the transfer of any interest therein, during its pendency, if the cause of action survive or continue. In case of the death or other disability of a party the court or judge may allow the action to continue by or against his representative or successor in interest. In case of any other transfer of interest, the action may be continued in the name of the original party, or the court or judge may allow the person to whom the transfer is made to be substituted in the action."

R. S. 60-764 reads:

"Either party may be allowed, on notice, and on such terms, as to costs, as the court or judge may prescribe, to file a supplemental petition, answer or reply, alleging facts material to the case, occurring after the former petition, answer or reply."

All the new parties to the action were nonresidents of the state of Kansas. The permission to make them parties defendant, the filing of the supplemental petition, and the service of process on them was the same as if a new action had been commenced against them. Such an action could have been commenced by the plaintiff against those defendants at any time after her discovery of the fact that they were interested in the property in controversy as heirs of the deceased brothers and sisters of John Stillie.

To show the next proposition argued by the defendants, we quote their statement, as contained in their brief, as follows:

"The court erred in denying the defendant's motion to dismiss the case for failure of the plaintiff to comply with the court's order to give security for costs."

The plaintiff filed a poverty affidavit instead of giving security for costs. Whether or not the action should have been dismissed for failure to give security for costs was within the sound discretion of the trial court. It does not appear that the court abused its discretion by refusing to dismiss the action.

In the last opinion by this court in this action (121 Kan. 591, 249 Pac. 672), on a second motion for a rehearing, which asked that

the judgment from which the appeal had then been taken be set aside on the ground of fraud and corruption practiced by the plaintiffs in securing an order for a new trial in the district court, on which new trial judgment had been rendered for the plaintiffs from which the appeal had been taken, and which was affirmed by this court in *Stillie v. Stillie*, 119 Kan. 816, 244 Pac. 844, this court then ordered that the cause be remanded "to the trial court with directions to ascertain the truth of the matter set out in the motion filed. in this court and to grant a new trial if it be found that the allegations of the motion are true." (p. 595.) In the district court, a hearing was had on the charge of corruption and fraud practiced by the plaintiff, and the court found that such fraud had been committed. The defendants argue that the plaintiff should not be permitted to further prosecute this action until she purges herself of contempt of court by reason of such fraud. The argument of the defendants on this proposition is not convincing. No error was committed by the court in permitting the plaintiff to further prosecute the action.

■ The plaintiff was born on November 3, 1905. Lena McDowell, the mother of the plaintiff, testified that she had sexual intercourse with John Stillie prior to her marriage to Carl Jackson; that during the months of January, February, March, and April, 1905, she did not have intercourse with any man except John Stillie; and that John Stillie was the father of the plaintiff. The defendants contend that the admission of that testimony was error. This question has been before this court on several occasions. The court has now determined to adhere to the rule stated by Lord Mansfield in 1777 in *Goodright ex dim. Stevens v. Moss et al.*, 2 Cowper's Reports 591, 592 and 594, where it was declared that—

"The law of England is clear, that the declarations of a father or mother cannot be admitted to bastardize the issue born after marriage. . . . . It is a rule, founded in decency, morality, and policy, that they shall not be permitted to say after marriage, that they have had no connection, and therefore that the offspring is spurious; more especially the mother, who is the offending party."

That rule has been followed by many courts in the United States.

Although that is the rule now followed, the district court in the trial of this action followed the rule formerly declared by this court and admitted the evidence of the plaintiff, as above outlined. For that reason this court is not now disposed to regard the admission

of that evidence as reversible error. The trials of this action have been saturated with perjury from the beginning, and the cause has come to be a public nuisance which should be terminated.

In *New v. Smith,* 97 Kan. 580, 155 Pac. 1080, this court said:

"When a lawsuit has been in court for fourteen years, during which time it has been appealed to the supreme court five times, it is imperative that some broad general principles of law and equity be rigorously applied, and the litigation brought to a close and final judgment ordered . . ." (Syl. ¶ 2.)

There was evidence which tended to prove that John Stillie had often stated, from the time of the birth of the plaintiff until his death, that she was his child; that he furnished food and clothing for her at the time of her birth; that he gave her food thereafter repeatedly; that he expressed anxiety concerning her welfare; that she was accorded by him certain privileges as though she were his child when she was in the store operated by him; and that he was repeatedly accused of being her father and never denied it. On the strength of that evidence and because of the character of this litigation, the court concludes to affirm the judgment.

Other matters are argued, but it is not deemed necessary to discuss them.

The judgment is affirmed.

MARSHALL, J. (dissenting): I do not concur in adhering to the rule declared by Lord Mansfield. The opinion of this court in *Stillie v. Stillie,* 119 Kan. 816, 244 Pac. 844, and of the majority of the court in *Stillie v. Stillie,* 120 Kan. 565, 244 Pac. 844, and in *Lynch v. Rosenberger,* 121 Kan. 601, 249 Pac. 682, expresses my views concerning the law on that subject. It is not necessary to add anything to what was there said.

I am authorized to say that Mr. Justice DAWSON and Mr. Justice HOPKINS concur in this partial dissent.

HARVEY, J. (dissenting in part): In my opinion the judgment of the court below should be reversed with directions to grant a new trial. If an order is to be made to end the litigation, judgment should be directed for defendants.