### YOUNG et al. v. CLIFFORD.

No. 20193.   Opinion Filed April 29, 1930.

McCollum & McCollum and A. L. Wright, for plaintiffs in error.

A. E. Williams, for defendant in error.

PER CURIAM. The petition in error in this cause with case-made attached was filed in this court on March 7, 1929. On March 15, 1929, the defendant in error, W. C. Clifford, died, and on March 19, 1929, L. C. Clifford was appointed administrator of his estate. The action has not been revived in this court and no proceedings have been instituted in this court to revive the same. and there is no showing upon the part of the plaintiff in error that the fact of the death of the defendant in error was not known to plaintiff in error in time to revive the same within the one year allowed by law therefor. The administrator of the estate of the deceased has filed in this court his motion to dismiss the appeal for the

reason the same has not been revived in this court within the year allowed by law therefor. Where a defendant in error has died after the petition in error has been filed in this court, and more than a year has elapsed since the date when the action could have been first revived, and no showing is made that the fact of the death was not known to the plaintiff in error, and the representatives and successors of the defendant in error do not consent to a revivor, but move to dismiss the appeal, the motion will be sustained and the appeal dismissed. Johnson v. Alexander, 54 Okla. 160, 153 Pac. 627; Norton v. Charley, 57 Okla. 511, 157 Pac. 340; Bowdish v. Williams, 89 Okla. 99, 214 Pac. 118; Chicago, R. I. & P. Ry. Co. v. Peacock, 86 Okla. 259, 207 Pac. 962.

Under section 836, C. O. S. 1921, it is now too late to obtain a revivor of said cause in this court without the consent of the representatives of the defendant in error, and the appeal in this cause is dismissed for want of a party defendant in error.