## FARMERS STATE BANK OF CLARITA v. WILLIAMSON.

No. 19265. Opinion Filed June 16, 1931.

Rehearing Denied Sept. 15, 1931.

Trice & Davison, for plaintiff in error.

W. R. Wallace, for defendant in error.

PER CURIAM. This is an appeal from the judgment of the district court of Coal county rendered in an action wherein the defendant in error was plaintiff. The appeal was filed in this court April 5, 1928, and the cause is now before the court on motion to dismiss the appeal for want of necessary party, and alleges that the defendant in error, N. R. Williamson, died in Johnston county, Okla., on the 2nd day of February, 1929, and that more than one year has elapsed since the death of the defendant in error, and that the action has not been revived in the name of his personal representative. Where the defendant in error has died pending the appeal in this court, and more than one year has elapsed since the death of the defendant in error, and no action has been taken to revive the cause and no order made reviving the same, the appeal will be dismissed. Hester v. Gilbert, 43 Okla. 400, 143 Pac. 189; Chicago, R. I. & P. Ry. Co. v. Peacock, 86 Okla. 259, 207 Pac. 962; Bowdish v. Williams, 89 Okla. 99, 214

Pac. 118; Mathews v. Ward, 96 Okla. 68, 220 Pac. 335.

A response has been filed herein by plaintiff in error, in which it asserts it had no knowledge of the death of the defendant in error until the filing of the motion to dismiss the appeal; that no administrator has been appointed, and asks that it be allowed to continue the action in the name of the representative or successors in interest of the deceased under the provisions of section 223, C. O. S. 1921.

In the case of Edwards v. Asher, 95 Okla. 39, 217 Pac. 869, this court announced the following rule:

"That portion of section 4695, Revised Laws 1910 (223, C. O. S. 1921), providing: 'In case of death or other disability of the party, the court may allow the action to continue by or against his representative or successors in interest, upon such terms and in such time as may be just under the circumstances presented,' is not in conflict with section 5294, Revised Laws 1910 (section 837, C. O. S. 1921), and is to be construed so as to give effect to both statutes."

And in the body of the opinion, the court said:

"While the court may allow the action to continue upon such terms and in such manner as may be just under the circumstances presented, it is also imperative that section 5294, Revised Laws 1910, be complied with, and a revivor had within the time therein provided in order to permit the action to continue."

In this action it was necessary to revive in the name of the administrator of the estate of the deceased, and in the case of Glazier v. Heneybuss, 19 Okla. 316, 91 Pac. 372, this court announced the following rule:

"A person cannot prevent the operation of the statute of limitation by delay in taking action incumbent upon him. * * *
"Where the plaintiff in an action died on the 10th day of April, 1902, and without the consent of the defendant the order of revival in the name of the administratrix was made on the 1st day of December, 1903, and thereafter, upon the hearing, it was found that the order was not made within one year from the time it might have been first made, held, that the action was barred by the statute, and section 4624 warranted a dismissal of the action."

Section 837, C. O. S. 1921, places a limitation of one year from the time the order might have been first made for the making of an order of revivor, and said section further provides that where the death of a party is not known, or, for other unavoidable reasons, the court may permit the revivor within a reasonable time thereafter.

It was the duty of the plaintiff in error to have caused an administrator of the estate of the deceased to be appointed within a reasonable time and to have caused a revivor within one year thereafter. Under the conditions set forth in section 837, the one-year limitation will be extended a reasonable time where the death of the party was not known, but we cannot construe a reasonable time to mean approximately two years after the death of the party. This appeal comes from Coal county. The plaintiff in error maintains its banking institution in Clarita in said county. Although the defendant in error resided in Johnston county, it was but a short distance from Clarita, and it is difficult to conceive that the plaintiff in error did not know of his death within a year thereafter, and under the rule announced in the case of Glazier v. Heneybuss, supra, that the statute is not suspended until the appointment of the legal representative, but begins to run after the expiration of a reasonable time from the death of the party, in which the legal representative might have been appointed, and the apparent neglect upon the part of the plaintiff in error to cause the action to be revived within the time provided for by section 837, supra, we are of the opinion that it is now too late to permit a revivor of this cause, and, for the want of a necessary party, the appeal is dismissed.