### HOLLINS v. HOLLINS.

No. 20915.   Opinion Filed Nov. 29, 1932.

Snyder, Owen & Lybrand and P. D. Mitchell, for plaintiff in error.

Davis & Patterson, for defendant in error.

PER CURIAM.   On March 23, 1932, H. T. Riddle, administrator of the estate of Laura Hollins, deceased, defendant in error, filed motion to dismiss this proceeding, and for grounds of dismissal it is alleged: That the defendant in error died on the 16th day of February, 1931; that on the 28th day of February, 1931, plaintiff in error, John C. Hollins, filed his petition in the county court of Seminole county, praying that he be appointed administrator of the estate of said

decedent; that thereafter movant was, by proper order of the court, appointed administrator of the estate of the said Laura Hollins, deceased, and is now the duly qualified and acting administrator of the said estate; that more than one year has elapsed since the death of said Laura Hollins and since the appointment of said administrator; that no effort has been made to have said cause revived in the name of the administrator, representative or heirs; "that because of failure to revive this cause within one year after the death of the defendant in error, and because of failure of plaintiff in error to perfect his appeal of said cause, as by law required, the appeal of said cause should be dismissed."

The response to the motion admits that the death of defendant in error occurred on the 16th day of February, 1931, and does not deny the allegation in the motion which goes to show that the plaintiff in error had notice of the death. The respondent contends that the defendant in error was delinquent in failing to brief her cause during her lifetime, and her administrator allowed more than one year to elapse after her death without making application to be substituted in said cause, and without filing the brief that had been so long due, and, therefore, said administrator is not entitled to have the motion to dismiss sustained. By movant's answer to the response and by the record in this court, it is disclosed that the petition in error was filed November 25, 1929; that the plaintiff in error obtained repeated extensions of time in which to file brief, the last on April 30, 1930, granting to June 1, 1930; that plaintiff in error did not file brief until June 4, 1930, and that defendant in error filed answer brief on June 27, 1930, within 23 days after plaintiff in error's brief was filed. There is, therefore, nothing in the contention made by the respondent that defendant in error was negligent in filing answer brief.

The defendant in error filed petition for divorce in the district court of Seminole county, and thereafter, by permission of the trial court, the plaintiff in error, defendant below, filed answer and cross-petition, denying the grounds set out in the plaintiff's petition for divorce, and further setting up a claim to an undivided one-half interest in certain specified real property; praying that the petition of plaintiff be denied, and that the court enter judgment dividing said property, or the proceeds of sale thereof, equally between the plaintiff and the defendant. Judgment was rendered on the 24th day of July, 1929, in favor of plaintiff for absolute divorce and against the defendant on the cross-petition, decreeing the real property in

question to be the separate property of plaintiff, Laura Hollins, and that the defendant, John C. Hollins, is adjudged to have no right, title, or interest therein. John C. Hollins appealed from the decree of divorce and the decree settling property rights, by filing petition in error in this court on July 25, 1929, more than four months after the date of the judgment appealed from. The petition in error prays that the judgment of the trial court be reversed, vacated, set aside, and the cause remanded, with instructions to enter judgment denying the divorce and granting the property division.

It is unnecessary here to pass upon the question of sufficiency of the appeal, for the reason that it is conclusively shown that the defendant in error died on February 16, 1931; that the plaintiff in error had knowledge and notice of the death of defendant in error; that movant, H. T. Riddle, is the duly appointed, qualified, and acting administrator of the estate of Laura Hollins, deceased; that no action has been taken to revive said cause in the name of the administrator, representative, or heirs; that more than one year has expired since the death of the defendant in error, and that, therefore, the cause cannot now be revived in the name of the administrator, the representative or heirs, without consent.

Section 834, C. O. S. 1921 [O. S. 1931, sec. 581] provides:

"Upon the death of the defendant in an action, wherein the right, or any part thereof, survives against his personal representatives, the revivor shall be against them; and it may also be against the heirs and devisees of the defendant, or both, when the right of action, or any part thereof, survives against them."

Sections 836 and 837, C. O. S. 1921 [O. S. 1931, secs. 583-4] provide that, where a party to an action dies, said action must be revived within one year after the death of such party, unless the opposite party consents to the revivor, and except, in cases where the death was not known or for other unavoidable reasons, the court may permit revivor within a reasonable time thereafter.

It has been repeatedly held by this court that where defendant in error has died pending the appeal in this court, and more than one year has elapsed since the death of the defendant in error and no order made reviving the cause, and no steps have been taken for reviving the cause and no reasonable excuse given for the delay, the appeal will be dismissed. Hester v. Gilbert, 43 Okla. 400, 143 P. 189; Johnson v.

Alexander, 54 Okla. 160, 153 P. 627; Farmer's State Bank of Clarita v. Williamson, 151 Okla. 105, 1 P. (2d) 377; Young v. Clifford, 143 Okla. 84, 291 P. 25.

For the reasons herein assigned, and upon authorities cited, the motion to dismiss is sustained, and the appeal dismissed.