DAVIS et al. v. BALL et al.

*96 P. 2d 34.*

No. 28941.  Nov. 14, 1939.

Twyford & Smith and William J. Crowe, all of Oklahoma City, for plaintiffs in error.

Clay M. Roper and Roy H. Ball, both of Oklahoma City, for defendants in error.

WELCH, V. C. J.  This appeal presents the question of whether the trial court erred in its refusal to revive a pending action in the names of the heirs at law of the deceased defendant, and in its dismissal of the cause.

Plaintiffs sued Jesse R. Ball to quiet title to real estate. The cause was tried to the court and taken under advisement. Thereafter said defendant, Jesse R. Ball, died. Shortly after one year had elapsed since his death, his heirs, defendants in error here, filed their motion to dismiss for failure to revive. Thereupon, plaintiffs filed their motion to substitute said heirs as defendants, or in the alternative, for judgment nunc pro tunc as of a date prior to the death of Jesse R. Ball. The motion to dismiss was sustained, and the motion to substitute parties or render judgment nunc pro tunc was overruled.

The motion to dismiss showed that Jesse R. Ball died August 29, 1936; the appointment of administrator September 14, 1936, and the estate fully administered and final decree entered March 18, 1937, and asked dismissal at plaintiffs'

cost. The same was filed September 25, 1937. Thereafter, on November 3, 1937, the motion to substitute parties was filed, and amended motion filed March 24, 1938, to which defendants in error on March 25, 1938, filed their answer. In the motion to substitute parties it was alleged in part as follows:

"That the plaintiff, C. M. B. Claus, is now and has been at all times during the pendency of this action, a resident of Tulsa county, Okla. That he did not learn of the death of said Jesse R. Ball until more than a year had elapsed after his death, nor did he know or learn anything about the administration of said estate until long after the same had been closed."

The answer thereto alleged in part as follows:

"* * * And for answer to said motion of said plaintiff alleged and state that said C. M. B. Claus appears on the record as a party plaintiff, yet said C. M. B. Claus hasn't any interest in and to said litigation. That the said C. M. B. Claus after filing of the above-styled and numbered case executed and delivered for a good and valuable consideration a quitclaim deed to the defendant, Jesse R. Ball, on April 25, 1935, and said deed was placed on record in the office of the county clerk of Oklahoma county, Okla., in Book 472, page 470, and that the real and only party plaintiff in interest is the plaintiff J. C. Davis.

"Said parties further represent to the court that the law firm of Twyford and Smith filed and instituted in said cause of action as attorneys of record and have ever since said date been attorneys of record for both J. C. Davis and C. M. B. Claus, and that said J. C. Davis and said attorneys, Twyford and Smith, have had actual knowledge of the death of Jesse R. Ball and that said motion to dismiss said case was filed on the 25th day of September, 1937, and that from said time to the filing of this amended motion the plaintiff had never suggested in any shape, form or fashion that C. M. B. Claus did not have any knowledge of the death of Jesse R. Ball, and that said matter has been presented to the court on several different occasions without the court being so advised. * * *"

Plaintiffs urge here that the defendants in error entered a general appearance by reason of having requested the court to dismiss the action at plaintiffs' cost, and by reason of that portion of the answer which denied that Claus was an interested party plaintiff. They assert that by so pleading, the defendants in error were thereby asking affirmative relief and joined issue on the merits of the cause, thereby bringing themselves within the rules announced in Leader Printing Co. v. Lowry, 9 Okla. 89, 59 P. 242; Heckler v. Sadler, 176 Okla. 34, 54 P. 2d 382; Harvey v. Bishop, 171 Okla. 497, 43 P. 2d 48, and Rand v. Nash, 174 Okla. 525, 51 P. 2d 296, and others to the same effect.

The motion to dismiss was filed under sections 583 and 585, O. S. 1931, 12 Okla. St. Ann. §§ 1071 and 1073. Those sections provide:

"An order to revive an action against the representatives or successors of a defendant shall not be made without the consent of such representatives or successor, unless in one year from the time it could have been first made, except as otherwise provided by law."

"When it appears to the court, by affidavit, that either party to an action has been dead for a period so long that the action cannot be revived in the names of his representatives or successors without the consent of both parties, or when a party sues or is sued as a personal representative, that his powers have ceased, the court shall order the action to be dismissed at the cost of the plaintiff."

The motion to substitute parties sought to excuse plaintiff's failure to revive within one year by pleading that one of the parties plaintiff did not know of the death until a late date, and was filed, in reality, in opposition to the motion to dismiss, and in fact amounted to an application to revive after the one-year period. The answer thereto sought merely to deny the alleged grounds of excuse. The request that the cause be dismissed at plaintiffs' cost was in accord with the statute and did not bring the pleaders within the rule applicable to requests for affirmative relief. No such relief was asked as to the merits of the cause, nor

did the denial of the alleged excuse contained in the motion amount to a plea to the merits of the cause. It was purely a proper denial directed solely toward an alleged excuse incorporated in the motion, and although it might incidentally have also concerned an element of proper defense to the merits of the cause, if pleaded for that purpose, we conclude that the same was purely defensive of the motion, otherwise no means of controverting the alleged excuse would exist in such cases and the court relying upon the alleged excuse might accept the same, contrary to actual fact and the intent of the law.

The principles of law in the case of Southwestern Surety Insurance Co. v. Walser et al., 77 Okla. 240, 188 P. 335, support our conclusion here.

It is further urged that the trial court should have sustained the motion for substitution of parties or rendered judgment nunc pro tunc in accordance with the alternative plea.

In argument to support their contention that the trial court should have allowed substitution, plaintiffs rely upon section 156, O. S. 1931, 12 Okla. St. Ann. § 235; Glenn v. Payne, 48 Okla. 196, 149 P. 1151; Helms v. Bulington, 180 Okla. 390, 70 P. 2d 65; Martin v. Stille, 129 Kan. 19, 281 P. 925; Farrell v. Puthoff, 13 Okla. 159, 74 P. 96; Boyes v. Masters, 28 Okla. 409, 114 P. 710; Vaughn v. Osborne, 103 Okla. 59, 229 P. 467; Southern Surety Co. v. Williams, 105 Okla. 44, 231 P. 293, and other authorities.

The gist of these cases seems to be that section 585, O. S. 1931, 12 Okla. St. Ann. § 1073, providing that an order to revive an action against the representatives or successors of a defendant shall not be made without their consent, unless in one year from the time it could have been first made, except as otherwise provided by law, is not exclusive and that in proper cases the court may in its discretion allow revivor after the one-year period.

The defendants in error rely upon Hester v. Gilbert, 43 Okla. 400, 143 P. 189; Glazier v. Heneybuss, 19 Okla. 316, 91 P. 872; Chouteau v. Hoss et al., 118 Okla. 76, 246 P. 844; Raff v. State, 48 Kan. 44, 28 P. 986; Farmers State Bank of Clarita v. Williamson, 151 Okla. 105, 1 P. 2d 377; Hollins v. Hollins, 160 Okla. 197, 16 P. 2d 574; Burgess v. Ward et al., 169 Okla. 13, 35 P. 2d 880; Drew v. Thurlwell, 173 Okla. 405, 48 P. 2d 1066, and other authorities.

We have also examined the cases of Thompson v. Bristow, 116 Okla. 243, 244 P. 429; Kilgore v. Yarnell, 24 Okla. 525, 103 P. 698; Edwards v. Asher, 95 Okla. 39, 217 P. 869, and others.

Without discussing the above authorities at length, we shall assume that the same generally support plaintiffs' apparent theory of law, that is, that in such cases as here section 585, O. S. 1931, 12 Okla. St. Ann. § 1073, does not constitute an absolute bar to revivor after the expiration of one year from the time the order might have been first made, and that in proper cases the court may allow substitution of parties after the year has expired. With that assumption of law in mind, we now examine this record with the view of determining whether the trial court abused its discretion in overruling the motion.

The several pleadings of the parties indicate that one of the plaintiffs and the attorneys for both of plaintiffs had actual knowledge of the death of defendant, Ball, long before the year had expired, and there is nothing in the record to the contrary. In view of that, it appears that the trial court would have been fully justified in concluding that there was no proper excuse shown why an application to revive the action was not made within the year, and applying the rule that notice to the attorney is notice to the client. 7 C. J. S. 865, par. 69D.

We therefore conclude that the trial court did not abuse any discretionary powers given under section 156, O. S. 1931, 12 Okla. St. Ann. § 235.

We note the citations given relating to the entry of judgment nunc pro tunc and

observe therefrom that appellate courts have in some cases so proceeded under special circumstances, where it is not shown that the parties were in any wise at fault. Boyes v. Masters, supra; Goldsborough et al. v. Hewitt, 26 Okla. 859, 110 P. 906, and Carrico et al. v. Couch et al., 45 Okla. 672, 146 P. 447. No authorities are cited as indicating authority in the trial court to so proceed, and in any event, the record here indicates that any delay in procuring an order of revivor was not occasioned by the delay of the court.

The judgment of the trial court is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.